# Exhibit D

 **Arbeitsgericht Stade**

Arbeitsgericht Stade, Postfach 3036, 21670 Stade
. 2 Ca 177/07

Firma
Dow Deutschland Inc.
vertr.d.d. Vorstand Markus Wildi, Manfred Au
Joachim Thalacker
Am Kronberger Hang 4
65824 Schwalbach

| Ihr Zeichen | Aktenzeichen (Bitte stets angeben) | Durchwahl | Datum |
|---|---|---|---|
| | 2 Ca 177/07 | 04141 107-708 | 9. Mai 2007 |

## LADUNG

Sehr geehrte Damen und Herren,

in dem Rechtsstreit

**Kreinberg ./. Dow Deutschland Inc.**

ist bei Gericht am 08.05.2007 die für die beklagte Partei in beglaubigter Abschrift beigefügte Klageschrift eingegangen.

Sie werden zur mündlichen Verhandlung des Rechtsstreits vor dem Arbeitsgericht Stade, Ritterstr. 2, 21682 Stade auf

**Freitag, den 25. Mai 2007,**
**11:45 Uhr,**
**Stade, Ritterstr. 2, Saal 8**

geladen.

Es findet eine Güteverhandlung vor d. Vorsitzenden statt.

Hochachtungsvoll
Auf Anordnung

(Wings)
Gerichtsangestellte

Hausanschrift
Ritterstraße 2
21682 Stade
Parkmöglichkeit:
Tiefgarage Am Sande

Telefon
(0 41 41) 107-0
Telefax
(0 41 41) 107-712

Sprechzeiten
9 - 12.00 Uhr
und nach Vereinbarung

Internet
www.arbeitsgericht-stade.niedersachsen.de
..

## Wichtige Hinweise

Teilen Sie etwaige Einwendungen gegen das Vorbringen des Gegners sowie etwaige neue Tatsachen und Beweismittel unverzüglich unter Angabe der umseitigen Geschäftsnummer 2-fach mit. Insbesondere werden Sie gebeten, für den Rechtsstreit wichtige Verträge, Lohnlisten, Schriftwechsel oder sonstige Urkunden mitzubringen oder vorher einzureichen.

**Fügen Sie bitte allen Eingaben für jeden Prozessbeteiligten je eine Abschrift bei.**

Durch die schriftliche Mitteilung Ihres Vorbringens wird Ihr Erscheinen im Termin nicht entbehrlich. Auch bei Entschuldigungsschreiben ist Ihr Erscheinen erforderlich, wenn Sie nicht von der Aufhebung des Termins benachrichtigt werden.

Wenn Sie nicht zum Termin erscheinen und sich auch nicht durch eine mit schriftlicher Vollmacht versehene volljährige Person vertreten lassen, kann auf Antrag ein Versäumnisurteil gegen Sie erlassen oder nach Lage der Akten entschieden werden.

Dabei ergeht ein Versäumnisurteil gegen den nicht erschienenen Kläger, durch das die Klage abgewiesen wird, allein aufgrund der Säumnis und ohne Rücksicht darauf, ob die Klage der Sache nach begründet gewesen ist.

Ein Versäumnisurteil gegen den nicht erschienenen Beklagten, durch das der Klage stattgegeben wird, ergeht dann, wenn die Klage nach dem Vorbringen des Klägers begründet ist, und zwar ohne Rücksicht darauf, ob der Beklagte den Anspruch zuvor bestritten oder Tatsachen vorgetragen hat, nach denen die Klage nicht begründet wäre.

Bei einer Entscheidung nach Lage der Akten wird dem Urteil der bisherige Inhalt der Gerichtsakten zu Grunde gelegt.

Soweit danach gegen die nicht erschienene Partei entschieden wird, hat dies auch die Verpflichtung zur Folge, die Kosten des Rechtsstreits zu tragen.

Die Entscheidung ist in jedem Fall vorläufig vollstreckbar.

Für eine Vertretung gilt § 11 Abs. 1 ArbGG: "Die Parteien können vor den Arbeitsgerichten den Rechtsstreit selbst führen oder sich vertreten lassen. Eine Vertretung durch Vertreter von Gewerkschaften oder von Vereinigungen von Arbeitgebern oder von Zusammenschlüssen solcher Verbände ist zulässig, wenn diese Personen kraft Satzung oder Vollmacht zur Vertretung befugt sind und der Zusammenschluss, der Verband oder deren Mitglieder Partei sind. Das gleiche gilt für die Prozessvertretung durch Vertreter von selbständigen Vereinigungen von Arbeitnehmern mit sozial- oder berufspolitischer Zwecksetzung."

Ein Anspruch der obsiegenden Partei auf Entschädigung wegen Zeitversäumnis und auf Erstattung der Kosten für die Zuziehung eines Prozessbevollmächtigten oder Beistandes besteht nicht (§ 12 a Abs. 1 S. 1 ArbGG).

Dieser Hinweis gilt auch für alle weiteren Termine in dieser Instanz wie auch in einem eventuellen Berufungsverfahren.

**Gleiss Lutz**                    *Beglaubigte Abschrift*

Vorab per Fax

Arbeitsgericht Stade
Am Sande 4 a

21682 Stade

Fax-Nr.: 04141/406-292

Arbeitsgericht Stade

Eing. **09. Mai 2007**

Dr. Jobst-Hubertus Bauer

Maybachstraße 6
D-70469 Stuttgart
T +49 711 8997-143
F +49 711 855096
jobst-hubertus.bauer@gleisslutz.com
www.gleisslutz.com

Referenz/reference
JB/CAr/wa 70774-07 003
Datum/date
8. Mai 2007



**Klage**

des **Herrn Romeo Kreinberg**, 3600 Valley Drive, Midland, Michigan 48640, USA

– Kläger –

Prozessbevollmächtigte:    Gleiss Lutz, zuständiger Rechtsanwalt Dr. Jobst-Hubertus
Bauer, Maybachstr. 6, 70469 Stuttgart

gegen

die **Dow Deutschland Inc.**, Am Kronberger Hang 4, 65824 Schwalbach, vertreten durch
den Vorstand Markus Wildi, Manfred Aumann und Joachim Thalacker

– Beklagte –

wegen: Kündigung des Arbeitsverhältnisses

2 Ca 177/07

Gleiss Lutz Hootz Hirsch Partnerschaftsgesellschaft von Rechtsanwälten, Steuerberatern, Sitz Stuttgart, AG Stuttgart PR 136

1039364901



Gleiss Lutz in association with
Herbert Smith and Stibbe

Gleiss Lutz

Namens und in Vollmacht des Klägers erheben wir Klage zum Arbeitsgericht Stade. Ordnungsgemäße Bevollmächtigung wird anwaltlich versichert. Wir werden beantragen:

1.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis durch die außerordentliche Kündigung vom 18. April 2007 nicht beendet wurde.**

2.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis durch die ordentliche Kündigung vom 18. April 2007 nicht zum 30. November 2007 endet.**

3.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis auch nicht durch andere Beendigungstatbestände endet, sondern zu unveränderten Bedingungen über den 30. November 2007 hinaus fortbesteht.**


**BEGRÜNDUNG**

Die von der Beklagten mit Schreiben vom 18. April 2007 ausgesprochenen Kündigungen sind unwirksam. Das Arbeitsverhältnis des Klägers besteht über den 30. November 2007 hinaus fort. Im Einzelnen:


**I.    Sachverhalt**

1.  Die **Beklagte** ist eine Tochtergesellschaft des US-amerikanischen, international tätigen Chemiekonzerns Dow Chemical Company. Sie hat ihren Sitz in Stade und beschäftigt i.d.R. mehr als 10 Arbeitnehmer.

2.  Der **Kläger** ist bei der Rechtsvorgängerin der Beklagten, der Dow Chemical Handels- und Verwaltungsgesellschaft mbH auf der Grundlage des schriftlichen Anstellungsvertrags vom 9./12. Februar 1977 mit Wirkung ab 1. April 1977 als Field Salesman Construction Materials eingetreten. Der Kläger nimmt an der „Dow Deutschland GmbH & Co. OHG Betriebliche Versorgungsregelung" als System der betrieblichen Altersversorgung der Beklagten teil.

    **Beweis:**    Anstellungsvertrag vom 9./12. Februar 1977, **Anlage K 1**

Gleiss Lutz

3.  Im Zuge mehrfacher Neuorganisationen des Geschäftsbetriebs der Dow Chemical Company in Deutschland wurde das Arbeitsverhältnis des Klägers u.a. auch **auf die Beklagte übertragen** und von dieser weitergeführt.

4.  Auf der Grundlage des bestehenden Arbeitsverhältnisses mit der Beklagten hat der Kläger **verschiedene Tätigkeiten** im internationalen Dow Chemical Company-Konzern wahrgenommen. Zuletzt war er als Executive Vice President der Dow Chemical-Muttergesellschaft in den USA tätig.

5.  Mit **Schreiben vom 18. April 2007** hat die Beklagte das Arbeitsverhältnis mit dem Kläger außerordentlich mit sofortiger Wirkung sowie hilfsweise ordentlich zum 30. November 2007 **gekündigt**. Gründe für die Kündigung wurden nicht genannt.

    Beweis:    Kündigungsschreiben der Beklagten vom 18. April 2007, **Anlage K 2**


**II.   Rechtslage**

1.  Für die erhobene Klage ist der Rechtsweg zu den Gerichten für Arbeitssachen gem. § 2 ArbGG eröffnet. Das zwischen den Parteien bestehende Vertragsverhältnis ist als **Arbeitsverhältnis** einzuordnen. Der Kläger übt keinerlei Organfunktionen in deutschen Gesellschaften des Dow Chemical Company-Konzerns aus.

2.  Für die erhobene Klage ist das **Arbeitsgericht Stade** zuständig. Die örtliche Zuständigkeit des Arbeitsgerichts ergibt sich aus §§ 46 Abs. 2 ArbGG, 17 Abs. 1 ZPO. Der satzungsmäßige Sitz der Beklagten befindet sich in Stade.

3.  Auf das Arbeitsverhältnis finden die Vorschriften des KSchG Anwendung. **Ein Kündigungsgrund** für die Beendigung des Arbeitsverhältnisses ist **nicht** ersichtlich.

4.  Der Klagantrag zu Ziff. 3 beinhaltet eine **selbstständige allgemeine Feststellungsklage** gem. § 256 ZPO. Dem Kläger sind zwar derzeit keine anderen möglichen Beendigungstatbestände außer den mit den Klageanträgen zu Ziff. 1 und 2 angegriffenen Kündigungen bekannt. Jedoch wurden bereits weitere Kündigungen durch andere deutsche Konzerngesellschaften ausgesprochen. Es besteht daher die Gefahr, dass auch die Beklagte im Verlaufe des Verfahrens weitere Kündigungen ausspricht. Es

Gleiss Lutz

wird deshalb mit dem Klagantrag zu Ziff. 3 die Feststellung begehrt, dass das Arbeitsverhältnis auch durch solche weiteren Kündigungen nicht beendet wird.

5.  Der Kläger wird seit Ausspruch der Kündigungen vom 18. April 2007 **nicht mehr beschäftigt**. Er bietet hiermit ausdrücklich seine Arbeitskraft an.

- Dr. Jobst-Hubertus Bauer -

Für die Richtigkeit
der Abschrift

Rechtsanwalt

1039364901

- 4 -

DOW CHEMICAL
HANDELS- & VERWALTUNGSGESELLSCHAFT MBH

TELEFON: 0 41 41-10 51
TELEX · 02-18 651
TELEGRAMME. DOWCHEM STADE

POSTSTRASSE 1
(WESTBANK-HAUS)
2160 STADE

**Anlage K1**

## Anstellungsvertrag

Zwischen der Firma DOW CHEMICAL HANDELS- & VERWALTUNGS-
GESELLSCHAFT MBH, nachstehend DOW genannt, als Arbeit-
geberin und

Herrn Romeo Kreinberg-Jusic     , geboren am 24. Oktober 1950

als Arbeitnehmer, wird folgender Anstellungsvertrag ge-
schlossen:

### 1.0   Tätigkeit

1.1   Sie werden zum  1. April 1977 als Field Salesman
                              Construction Materials
      in Düsseldorf

      eingestellt und verpflichten sich, Ihre Arbeitskraft
      voll in den Dienst der Firma zu stellen. Während Ihrer
      Tätigkeit bei DOW sind Sie weiterhin verpflichtet, alle
      Vorschriften über die persönliche und betriebliche
      Sicherheit, insbesondere die Anweisungen der zustän-
      digen Vorgesetzten und der Geschäftsleitung, zu be-
      achten.

1.2   Versetzungen auf einen anderen Arbeitsplatz erfolgen
      nach Absprache.

### 2.0   Probezeit

      Als Probezeit wird ein Zeitraum von 6 Monaten verein-
      bart. Während dieser Zeit kann das Arbeitsverhältnis
      von beiden Seiten unter Einhaltung einer Frist von
      einem Monat zum Monatsende gekündigt werden.

GESCHÄFTSFÜHRER.
CLYDE H. BOYD, HORGEN, CHARLES M. DOSCHER, HORGEN, EUGEN H. FORTER, STADE
PAUL G. STROEBEL, HORGEN, RENE H. WILDI, STADE

VERKAUFSBÜROS
2000 HAMBURG 73, WINTER-HUDER WEG 28/31
6000 DÜSSELDORF 1, GRÜNERSTR. 46

### 3.o    Vergütung

3.1    Für Ihre Tätigkeit erhalten Sie ein monatlich nach-
träglich zahlbares Entgelt von DM 3.2oo,-- brutto,
(in Worten: Dreitausendzweihundert Deutsche Mark ).
Mit der Zahlung des vereinbarten Bruttoeinkommens ist
etwaige Mehrarbeit abgegolten.

3.2    Gehaltserhöhungen, Änderungen in der Position und
Funktion sowie Beförderungen werden von der Geschäfts-
leitung beschlossen und Ihnen mitgeteilt.

3.3    Die Gehaltszahlung erfolgt bargeldlos.

### 4.o    Gratifikation

DOW zahlt am Jahresende als Gratifikation ein volles
Monatsgehalt entsprechend dem Grundgehalt im Dezember.
Diese Zahlung setzt eine ununterbrochene Zugehörigkeit
zur Firma von 12 Monaten im Kalenderjahr voraus. Im
Einstellungsjahr erhalten Sie für jeden vollen Monat,
den Sie bei DOW gearbeitet haben, ein Zwölftel der
Gratifikation. Sie haben im Jahre 1977 Anspruch
auf 9/12   der Gratifikation.

### 5.o    Reisekosten

Für die Reisekostenerstattung und sonstige Aufwands-
entschädigungen gelten die dazu erlassenen Richtlinien
der Geschäftsführung, die hiermit zum Bestandteil
dieses Vertrages gemacht werden.

### 6.o    Arbeitszeit

Nach der derzeit gültigen betrieblichen Regelung beträgt
die normale Arbeitszeit bei fünf  Arbeitstagen, von
Montag bis Freitag, 4o Stunden pro Woche.

### 7.o    Urlaub

7.1    Sie haben Anspruch auf einen Jahresurlaub, der sich aus
folgender Staffelung ergibt: (neue Staffelung siehe Anlage)

| Vollendetes Lebensjahr (im Kalenderjahr) | Urlaubstage |
|---|---|
| 18 - 24 Jahre | 2o Arbeitstage |
| 25 - 29 Jahre | 21 Arbeitstage |
| 3o - 34 Jahre | 22 Arbeitstage |
| 35 - 39 Jahre | 24 Arbeitstage |
| 4o Jahre und älter | 25 Arbeitstage |

## Neue Urlaubsregelung

### 1977

| Vollendetes Lebensjahr (im Kalenderjahr) | Urlaubstage |
|---|---|
| 18 - 24 Jahre | 21 Arbeitstage |
| 25 - 29 Jahre | 22 Arbeitstage |
| 3o - 34 Jahre | 23 Arbeitstage |
| 35 - 39 Jahre | 25 Arbeitstage |
| 4o Jahre und älter | 26 Arbeitstage |

### 1978

| Vollendetes Lebensjahr (im Kalenderjahr) | Urlaubstage |
|---|---|
| 18 - 24 Jahre | 22 Arbeitstage |
| 25 - 29 Jahre | 23 Arbeitstage |
| 3o - 34 Jahre | 24 Arbeitstage |
| 35 - 39 Jahre | 26 Arbeitstage |
| 4o Jahre und älter | 27 Arbeitstage |

7.2    Der Urlaub ist jeweils während des laufenden Kalender-
jahres zu nehmen. In Ausnahmefällen kann er bis zum
31. März des folgenden Jahres gewährt werden. Bei einer
Beschäftigungsdauer von weniger als 12 Monaten im Ka-
lenderjahr erhalten Sie anteilmäßigen Urlaub.

7.3    Der Jahresurlaub kann erstmals nach 6 Monaten Betriebs-
zugehörigkeit geltend gemacht werden und ist hinsicht-
lich der zeitlichen Lage rechtzeitig vorher mit dem
zuständigen Vorgesetzten abzustimmen.

## 8.0    Urlaubsgeld

DOW zahlt Ihnen im Juni ein Urlaubsgeld in Höhe von
30 % des Junigrundgehaltes, mindestens jedoch DM 800,--
p.a. brutto.
Diese Zahlung setzt eine ununterbrochene Firmenzugehörig-
keit von 12 Monaten im Kalenderjahr voraus.
Liegt im Jahr der Einstellung das Eintrittsdatum vor dem
30. Juni, so erhalten Sie in diesem Jahr für jeden vollen
Monat der Zugehörigkeit 2,5 % des Junigrundgehaltes,
mindestens jedoch DM 66,67 p.m. brutto.
Erfolgt der Eintritt nach dem 30. Juni, erhalten Sie
zum Jahresende für jeden vollen Monat der Zugehörigkeit
2,5 % (mindestens DM 66,67) vom Grundgehalt des Ein-
stellungsmonats.
Sollten Sie vor Ablauf des Jahres ausscheiden und Ihnen
aufgrund obiger Regelung zuviel Urlaubsgeld ausgezahlt
worden sein, so gilt dieses als Vorschuß und wird mit
den Restansprüchen verrechnet.
Sie haben somit in diesem Jahre Anspruch auf ein Urlaubs-
geld in Höhe von DM 720,--.

## 9.0    Krankheit

Im Falle einer Erkrankung wird das Gehalt gemäß den
geltenden gesetzlichen Bestimmungen weitergezahlt.
Eine darüber hinausgehende Fortzahlung liegt im
Ermessen der Geschäftsführung.
Sie sind verpflichtet, eine Erkrankung unverzüglich
anzuzeigen.

## 10.0    Alters- und Hinterbliebenenversorgung

Mit dem Abschluß dieses Vertrages werden Sie nach einer
Wartezeit von 6 vollen Kalendermonaten automatisch Mit-
glied der betrieblichen Alters- und Hinterbliebenenver-
sorgung. Mit den sich daraus ergebenden Rechten über-
nehmen Sie auch die Pflichten der Beitragszahlung gemäß
den Bestimmungen des Pensionsplans, der hiermit zum Be-
standteil dieses Vertrages wird. Die Mitgliedschaft kann
während der Dauer des Anstellungsverhältnisses bei DOW

11.0    Kündigungsfristen

11.1    Die Kündigungsfrist beträgt nach Ablauf der Probezeit
        für beide Seiten 6 Wochen zum Quartalsende.

11.2    Nach Ablauf der Probezeit gilt das Arbeitsverhältnis
        als auf unbestimmte Zeit abgeschlossen. Es endet jedoch
        spätestens mit dem Ablauf des Monats, in dem Sie das
        65. Lebensjahr vollendet haben. Hierzu bedarf es keiner
        besonderen Kündigung.


12.0    Geheimhaltung

12.1    Sie verpflichten sich, alle Ihre Tätigkeit bei unserer
        Gesellschaft betreffenden Gegenstände und Angelegen-
        heiten wie Schriftstücke, Pläne und Zeichnungen als
        Ihnen anvertrautes ausschließliches Eigentum unserer
        Gesellschaft zu behandeln und auf Verlangen jederzeit,
        spätestens aber bei Beendigung des Anstellungsverhält-
        nisses, unaufgefordert an unsere Gesellschaft zurück-
        zugeben.

12.2    Sie verpflichten sich, über die Ergebnisse Ihrer Arbeit
        und die Ihnen bekannt gewordenen Verhältnisse und An-
        gelegenheiten unserer Gesellschaft gegenüber jedem
        Stillschweigen zu bewahren, der nicht durch Stellung
        oder Tätigkeit in unserer Gesellschaft zur Kenntnis-
        nahme befugt ist. Sie verpflichten sich insbesondere,
        Unbefugten keinen Einblick in die Verhältnisse unserer
        Gesellschaft zu ermöglichen.

12.3    Sie verpflichten sich, irgendwelche Veröffentlichungen
        nur mit unserer vorherigen Zustimmung vorzunehmen.

12.4    Sie verpflichten sich, alle geheimen Erfahrungen unserer
        Gesellschaft nicht außerhalb unserer Gesellschaft zu be-
        nutzen. Diese Verpflichtung bleibt auch nach dem Aus-
        scheiden aus unserer Gesellschaft bestehen.


13.0    Ärztliche Einstellungsuntersuchung

13.1    Dieser Vertrag wird wirksam unter der Bedingung eines
        zufriedenstellenden ärztlichen Untersuchungsergebnisses
        durch einen Arzt unserer Wahl.

13.2    Sie verpflichten sich, an routinemäßigen ärztlichen
        Untersuchungen unseres Werksarztes teilzunehmen.

14.0    Vertragsänderungen und sonstige Vereinbarungen

14.1    Vertragsänderungen und Absprachen außerhalb der Rege-
        lungen dieses Vertrages bedürfen der Schriftform.

14.2    Im übrigen gelten die gesetzlichen Bestimmungen und
        betrieblichen Regelungen.

14.3    Von diesem Anstellungsvertrag haben die Vertrags-
        schließenden je eine Ausfertigung erhalten.


15.0    Ausschlußfristen

        Ansprüche aus dem Arbeitsverhältnis müssen innerhalb
        einer Ausschlußfrist von drei Monaten nach Fälligkeit
        schriftlich geltend gemacht werden. Nach Ablauf dieser
        Frist ist die Geltendmachung ausgeschlossen.


16.0    Gerichtsstand

        Der Gerichtsstand für Streitigkeiten aus diesem Vertrag
        ist das für Ihren Arbeitsort zuständige Arbeitsgericht.


DOW CHEMICAL HANDELS- &          Mit vorstehendem Vertrag erkläre
VERWALTUNGSGESELLSCHAFT MBH       ich mich einverstanden


.................................     .................................
Heino Zell
Personalleiter

Stade, den .9..Februar.1977          ISERLOHN..., den 12.2..1977.

**DOW**

Anlage K2

Dow Deutschland Inc.

Herrn
Romeo Kreinberg
Am Tyrol 25

58636 Iserlohn

18. April 2007

**Kündigung**

Sehr geehrter Herr Kreinberg,

hiermit kündigen wir ein eventuell mit Ihnen bestehendes Anstellungsverhältnis außerordentlich mit sofortiger Wirkung sowie hilfsweise ordentlich fristgemäß zum nächst zulässigen Termin, also mit Wirkung zum 30. November 2007.

Diese Kündigung erfolgt sicherheitshalber. Wir gehen davon aus, dass ein Anstellungsverhältnis mit Ihnen nicht besteht.

Mit freundlichen Grüßen

Dow Deutschland Inc.
ppa. Uwe Wiechern
Prokurist

Schwalbach:
Postfach 5264
65727 Eschborn, Germany
Am Kronberger Hang 4
65824 Schwalbach, Germany
Telefon: 0 6196 / 566-0
Telefax: 0 6196 / 566-444

Sitz der Gesellschaft
Wilmington, Delaware, USA
Sitz der Zweigniederlassung: Stade
Amtsgericht Tostedt HRB 100331

Vorstand:
Markus Wildi (Vorsitzender)
Manfred Aumann
Joachim Thalacker

9831-11-1212-6
04/06 Rev. I

# Gleiss Lutz

Vorab per Fax

Arbeitsgericht Stade
Am Sande 4 a

21682 Stade

Fax-Nr.: 04141/406-292

Dr. Jobst-Hubertus Bauer

Maybachstraße 6
D-70469 Stuttgart
T +49 711 8997-143
F +49 711 855096
jobst-hubertus.bauer@gleisslutz.com
www.gleisslutz.com

Referenz/reference
JB/CAr/wa 70774-07 003
Datum/date
8. Mai 2007

**Klage**

des **Herrn Romeo Kreinberg**, 3600 Valley Drive, Midland, Michigan 48640, USA

– Kläger –

Prozessbevollmächtigte:     Gleiss Lutz, zuständiger Rechtsanwalt Dr. Jobst-Hubertus
Bauer, Maybachstr. 6, 70469 Stuttgart

gegen

die **Dow Deutschland Inc.**, Am Kronberger Hang 4, 65824 Schwalbach, vertreten durch
den Vorstand Markus Wildi, Manfred Aumann und Joachim Thalacker

– Beklagte –

wegen: Kündigung des Arbeitsverhältnisses

Gleiss Lutz Hootz Hirsch Partnerschaftsgesellschaft von Rechtsanwälten, Steuerberatern, Sitz Stuttgart, AG Stuttgart PR 136

1039364901

Gleiss Lutz in association with
Herbert Smith and Stibbe

Gleiss Lutz

Namens und in Vollmacht des Klägers erheben wir Klage zum Arbeitsgericht Stade. Ordnungsgemäße Bevollmächtigung wird anwaltlich versichert. Wir werden beantragen:

1.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis durch die außerordentliche Kündigung vom 18. April 2007 nicht beendet wurde.**

2.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis durch die ordentliche Kündigung vom 18. April 2007 nicht zum 30. November 2007 endet.**

3.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis auch nicht durch andere Beendigungstatbestände endet, sondern zu unveränderten Bedingungen über den 30. November 2007 hinaus fortbesteht.**

## BEGRÜNDUNG

Die von der Beklagten mit Schreiben vom 18. April 2007 ausgesprochenen Kündigungen sind unwirksam. Das Arbeitsverhältnis des Klägers besteht über den 30. November 2007 hinaus fort. Im Einzelnen:

### I.    Sachverhalt

1.  Die Beklagte ist eine Tochtergesellschaft des US-amerikanischen, international tätigen Chemiekonzerns Dow Chemical Company. Sie hat ihren Sitz in Stade und beschäftigt i.d.R. mehr als 10 Arbeitnehmer.

2.  Der **Kläger** ist bei der Rechtsvorgängerin der Beklagten, der Dow Chemical Handels- und Verwaltungsgesellschaft mbH auf der Grundlage des schriftlichen Anstellungsvertrags vom 9./12. Februar 1977 mit Wirkung ab 1. April 1977 als Field Salesman Construction Materials eingetreten. Der Kläger nimmt an der „Dow Deutschland GmbH & Co. OHG Betriebliche Versorgungsregelung" als System der betrieblichen Altersversorgung der Beklagten teil.

    **Beweis:**    Anstellungsvertrag vom 9./12. Februar 1977, **Anlage K 1**

Gleiss Lutz

3.  Im Zuge mehrfacher Neuorganisationen des Geschäftsbetriebs der Dow Chemical Company in Deutschland wurde das Arbeitsverhältnis des Klägers u.a. auch **auf die Beklagte übertragen** und von dieser weitergeführt.

4.  Auf der Grundlage des bestehenden Arbeitsverhältnisses mit der Beklagten hat der Kläger **verschiedene Tätigkeiten** im internationalen Dow Chemical Company-Konzern wahrgenommen. Zuletzt war er als Executive Vice President der Dow Chemical-Muttergesellschaft in den USA tätig.

5.  Mit **Schreiben vom 18. April 2007** hat die Beklagte das Arbeitsverhältnis mit dem Kläger außerordentlich mit sofortiger Wirkung sowie hilfsweise ordentlich zum 30. November 2007 **gekündigt**. Gründe für die Kündigung wurden nicht genannt.

    **Beweis:**    Kündigungsschreiben der Beklagten vom 18. April 2007, **Anlage K 2**

## II.  Rechtslage

1.  Für die erhobene Klage ist der Rechtsweg zu den Gerichten für Arbeitssachen gem. § 2 ArbGG eröffnet. Das zwischen den Parteien bestehende Vertragsverhältnis ist als **Arbeitsverhältnis** einzuordnen. Der Kläger übt keinerlei Organfunktionen in deutschen Gesellschaften des Dow Chemical Company-Konzerns aus.

2.  Für die erhobene Klage ist das **Arbeitsgericht Stade** zuständig. Die örtliche Zuständigkeit des Arbeitsgerichts ergibt sich aus §§ 46 Abs. 2 ArbGG, 17 Abs. 1 ZPO. Der satzungsmäßige Sitz der Beklagten befindet sich in Stade.

3.  Auf das Arbeitsverhältnis finden die Vorschriften des KSchG Anwendung. **Ein Kündigungsgrund** für die Beendigung des Arbeitsverhältnisses ist **nicht** ersichtlich.

4.  Der Klagantrag zu Ziff. 3 beinhaltet eine **selbstständige allgemeine Feststellungsklage** gem. § 256 ZPO. Dem Kläger sind zwar derzeit keine anderen möglichen Beendigungstatbestände außer den mit den Klageanträgen zu Ziff. 1 und 2 angegriffenen Kündigungen bekannt. Jedoch wurden bereits weitere Kündigungen durch andere deutsche Konzerngesellschaften ausgesprochen. Es besteht daher die Gefahr, dass auch die Beklagte im Verlaufe des Verfahrens weitere Kündigungen ausspricht. Es

Gleiss Lutz

wird deshalb mit dem Klagantrag zu Ziff. 3 die Feststellung begehrt, dass das Arbeitsverhältnis auch durch solche weiteren Kündigungen nicht beendet wird.

5. Der Kläger wird seit Ausspruch der Kündigungen vom 18. April 2007 **nicht mehr beschäftigt**. Er bietet hiermit ausdrücklich seine Arbeitskraft an.

- Dr. Jobst-Hubertus Bauer -

**Labour Court Stade**

Labour Court Stade, PO Box 3036, 21570 Stade
2 Ca 177/07

Dow Deutschland Inc.
[Address]

| Your Ref. | File Nr. | Telephone | Date |
|---|---|---|---|
| | 2 Ca 177/07 | 04141 107-708 | 9 Mai 2007 |

## SUMMONS

Dear Sir/Madam,

In the court proceedings

### Kreinberg vs. Dow Deutschland Inc.

the court has received on 8 May 2007 the enclosed accredited copy of the plaintiff's statement.

You are summoned for the court hearing at the
Labour Court Stade, Ritterstr. 2, 21682 Stade on

> **Friday, 25 May 2007**
> **11:45 am**
> **Stade, Ritterstr. 2, hall 8.**

The presiding judge will hold a conciliatory hearing.

Yours sincerely
upon decreed

(Wings)
Court Clerk

[*The German original document also contains standard instructions of the Court on the procedure. We refrained from translating these instructions.*]

*[Convenience Translation]*

## Gleiss Lutz

In advance per telefax

Arbeitsgericht Stade
Am Sande 4 a

21682 Stade

Telefax No.: 04141/406-292

Dr. Jobst-Hubertus Bauer

Maybachstraße 6
D-70469 Stuttgart
T +49 711 8997-143
F +49 711 855096
jobst-hubertus.bauer@gleisslutz.com
www.gleisslutz.com

Referenz/reference
JB/Car/wa 70774-07 003

Datum/date
8 May 2007

**Action**

of **Mr Romeo Kreinberg**, 3600 Valley Drive, Midland, Michigan 48640, USA

- Plaintiff -

Attorney:                  Gleiss Lutz, responsible lawyer Dr. Jobst-Hubertus
                           Bauer, Maybachstr. 6, 70469 Stuttgart

against

**Dow Deutschland Inc.**, Am Konberger Hang 4, 65824 Schwalbach, represented by
the board Markus Wildi, Manfred Aumann and Joachim Thalacker

- Defendant -

on account of: notice of termination of the employment relationship

Gleiss Lutz Hootz Hirsch Partnerschaftsgesellschaft von Rechtsanwälten, Steuerberatern, Sitz Stuttgart, AG Stuttgart PR 136

1039364901

Gleiss Lutz in association with
Herbert Smith and Stibbe

DH265974/5 027680-0015

Gleiss Lutz

In the name and by full power of attorney of the plaintiff, we lodge an action before the Labour Court Stade. In his capacity as attorney at law the undersigned affirms that he is authorized to procuration. We will request:

1.  **It shall be established that the existing employment relationship between the parties has not been terminated by the notice of termination for cause dated 18 April 2007.**

2.  **It shall be established that the existing employment relationship between the parties will not terminate on 30 November 2007 by virtue of the ordinary notice of termination dated 18 April 2007.**

3.  **It shall be established that the employment relationship existing between the parties shall also not terminate by virtue of other termination reason but shall continue under unchanged terms and conditions beyond 30 November 2007.**

**R E A S O N S**

The notices of termination declared by the defendant by letter dated 18 April 2007 are not valid. The employment relationship of the plaintiff continues beyond 30 November 2007. In detail:

**I.    Facts**

1.  The **defendant** is a subsidiary of the US-American international chemical group Dow Chemical Company. It has its seat in Stade and employs in general more than 10 employees.

2.  The **plaintiff** has started his employment with the predecessor of the defendant, Dow Chemical Handels- und Verwaltungsgesellschaft mbH by virtue of the written employment contract dated 9/12 February 1977 taking effect as of 1 April 1977 as Field Salesman Construction Materials. The plaintiff participates to the "Dow Deutschland GmbH & Co. OHG Betriebliche Versorgungsregelung" which is a company pension scheme of the defendant.

    **Evidence:**    Employment contract dated 9/12 February 1977, **Appendix K 1**

3.  By virtue of several reorganizations of the business activities of Dow Chemi-
    cal Company in Germany, the employment relationship of the plaintiff has,
    among others, **transferred to the defendant** and has been continued by him.

4.  On the basis of the current employment relationship with the defendant the
    plaintiff has performed **various activities** in the international Dow Chemical
    Company-Group. Most recently, he was employed as Executive Vice Presi-
    dent of the Dow Chemical parent company in the USA.

5.  By **letter dated 18 April 2007** the defendant has declared a notice of termina-
    tion for cause with immediate effect as well as in the alternative, an ordinary
    **notice of termination** taking effect on 30 November 2007. Reasons for the
    notices of termination have not been given.

    **Evidence:**  Termination letter of the defendant dated 18 April 2007, Ap-
    pendix K 2

## II.  Legal Situation

1.  Pursuant to Sec. 2 ArbGG [*Arbeitsgerichtsgesetz* - German Procedural Act for
    Labour Courts], the labour courts have exclusive jurisdiction regarding the ac-
    tion. The contractual relationship existing between the parties has to be re-
    garded as an **employment relationship**. The plaintiff does not hold any
    position as member of the board or managing director of any company of the
    Dow Chemical Company group in Germany.

2.  The **Labour Court Stade** is competent regarding the lodged action. The local
    jurisdiction results from Sec. 46 para. 2 ArbGG, 17 para. 1 ZPO
    [*Zivilprozessordnung* - German Civil Code]. The statutory seat of the company
    is Stade.

3.  The provisions of the KSchG [*Kündigungsschutzgesetz* - German Act on Un-
    fair Dismissals] apply to the employment relationship. A **reasons for the ter-
    mination** of the employment relationship is **not** apparent.

4.  The request under no. 3 of the action contains a **separate general affirmative
    action for a right pursuant** to sec. 256 ZPO. Although the plaintiff is not
    aware of any other possible termination elements than those challenged by the
    requests of the action under no. 1 and 2, further notices of termination have al-
    ready been pronounced by other German group companies and there is there-

Gleiss Lutz

fore a risk, that the defendant will also pronounce further notices of termination during the course of the proceedings. Therefore, it shall be claimed by the request of the action under no. 3 that the employment relationship shall not be terminated by such further notices of termination.

5.    The plaintiff **is not employed anymore** since the notices of termination dated 18 April 2007 have been pronounced. He offers herewith explicitly his manpower.

\- Dr. Jobst-Hubertus Bauer -



**Arbeitsgericht Stade**

<u>Arbeitsgericht Stade, Postfach 3038, 21670 Stade</u>
2 Ca 176/07

Firma
Dow Deutschland GmbH & Co.OHG
vertr.d.d. SAFECHEM Europe GmbH (GF.Ka
Dow Automotive (Deutschland GmbH (GF.Ma
Liam Doherty) Am Kronberger Hamm 4
65824 Schwalbach

| Ihr Zeichen | Aktenzeichen (Bitte stets angeben) | Durchwahl | Datum |
|---|---|---|---|
| | **2 Ca 176/07** | 04141 107-708 | 9. Mai 2007 |

## LADUNG

Sehr geehrte Damen und Herren,

in dem Rechtsstreit

**Kreinberg J. Dow Deutschland GmbH & Co.OHG**

ist bei Gericht am 08.05.2007 die für die beklagte Partei in beglaubigter Abschrift beigefügte Klageschrift eingegangen.

Sie werden zur mündlichen Verhandlung des Rechtsstreits vor dem Arbeitsgericht Stade, Ritterstr. 2, 21682 Stade auf

**Freitag, den 25. Mai 2007,**
**11:45 Uhr,**
**Stade, Ritterstr. 2, Saal 8**

geladen.

Es findet eine Güteverhandlung vor d. Vorsitzenden statt.

Hochachtungsvoll
Auf Anordnung

(Wings)
Gerichtsangestellte

| Hausanschrift | Telefon | Sprechzeiten | Internet |
|---|---|---|---|
| Ritterstraße 2 | (0 41 41) 107-0 | 9 - 12.00 Uhr | www.arbeitsgericht-stade.niedersachsen.de |
| 21682 Stade | Telefax | und nach Vereinbarung | .. |
| Parkmöglichkeit: | (0 41 41) 107-712 | | |
| Tiefgarage Am Sande | | | |

- 2 -

## Wichtige Hinweise

Teilen Sie etwaige Einwendungen gegen das Vorbringen des Gegners sowie etwaige neue Tatsachen und Beweismittel unverzüglich unter Angabe der umseitigen Geschäftsnummer 2-fach mit. Insbesondere werden Sie gebeten, für den Rechtsstreit wichtige Verträge, Lohnlisten, Schriftwechsel oder sonstige Urkunden mitzubringen oder vorher einzureichen.

**Fügen Sie bitte allen Eingaben für jeden Prozessbeteiligten je eine Abschrift bei.**

Durch die schriftliche Mitteilung Ihres Vorbringens wird Ihr Erscheinen im Termin nicht entbehrlich. Auch bei Entschuldigungsschreiben ist Ihr Erscheinen erforderlich, wenn Sie nicht von der Aufhebung des Termins benachrichtigt werden.

Wenn Sie nicht zum Termin erscheinen und sich auch nicht durch eine mit schriftlicher Vollmacht versehene volljährige Person vertreten lassen, kann auf Antrag ein Versäumnisurteil gegen Sie erlassen oder nach Lage der Akten entschieden werden.

Dabei ergeht ein Versäumnisurteil gegen den nicht erschienenen Kläger, durch das die Klage abgewiesen wird, allein aufgrund der Säumnis und ohne Rücksicht darauf, ob die Klage der Sache nach begründet gewesen ist.

Ein Versäumnisurteil gegen den nicht erschienenen Beklagten, durch das der Klage stattgegeben wird, ergeht dann, wenn die Klage nach dem Vorbringen des Klägers begründet ist, und zwar ohne Rücksicht darauf, ob der Beklagte den Anspruch zuvor bestritten oder Tatsachen vorgetragen hat, nach denen die Klage nicht begründet wäre.

Bei einer Entscheidung nach Lage der Akten wird dem Urteil der bisherige Inhalt der Gerichtsakten zu Grunde gelegt.

Soweit danach gegen die nicht erschienene Partei entschieden wird, hat dies auch die Verpflichtung zur Folge, die Kosten des Rechtsstreits zu tragen.

Die Entscheidung ist in jedem Fall vorläufig vollstreckbar.

Für eine Vertretung gilt § 11 Abs. 1 ArbGG: "Die Parteien können vor den Arbeitsgerichten den Rechtsstreit selbst führen oder sich vertreten lassen. Eine Vertretung durch Vertreter von Gewerkschaften oder von Vereinigungen von Arbeitgebern oder von Zusammenschlüssen solcher Verbände ist zulässig, wenn diese Personen kraft Satzung oder Vollmacht zur Vertretung befugt sind und der Zusammenschluss, der Verband oder deren Mitglieder Partei sind. Das gleiche gilt für die Prozessvertretung durch Vertreter von selbständigen Vereinigungen von Arbeitnehmern mit sozial- oder berufspolitischer Zwecksetzung."

Ein Anspruch der obsiegenden Partei auf Entschädigung wegen Zeitversäumnis und auf Erstattung der Kosten für die Zuziehung eines Prozessbevollmächtigten oder Beistandes besteht nicht (§ 12 a Abs. 1 S. 1 ArbGG).

Dieser Hinweis gilt auch für alle weiteren Termine in dieser Instanz wie auch in einem eventuellen Berufungsverfahren.

## Gleiss Lutz                          Beglaubigte Abschrift

Vorab per Fax

Arbeitsgericht Stade
Am Sande 4 a

21682 Stade

Fax-Nr.: 04141/406-292

Arbeitsgericht Stade

Eing  09. Mai 2007

_____Ve.m._____Anl_____fach
_____fach_____Anl_____fach

Dr. Jobst-Hubertus Bauer

Maybachstraße 6
D-70469 Stuttgart
T +49 711 8997-143
F +49 711 855096
jobst-hubertus.bauer@gleisslutz.com
www.gleisslutz.com

Referenz/reference
JB/CAr/wa 70774-07 001
Datum/date
8. Mai 2007



**Klage**

des **Herrn Romeo Kreinberg**, 3600 Valley Drive, Midland, Michigan 48640, USA

– Kläger –

Prozessbevollmächtigte:    Gleiss Lutz, zuständiger Rechtsanwalt Dr. Jobst-Hubertus
                           Bauer, Maybachstr. 6, 70469 Stuttgart

gegen

die **Dow Deutschland GmbH & Co. OHG**, Am Kronberger Hang 4, 65824 Schwalbach,
vertreten durch die SAFECHEM Europe GmbH (diese wiederum vertreten durch den Ge-
schäftsführer Karl Friedrich Stützle), die Dow Automotive (Deutschland) GmbH (diese
wiederum vertreten durch die Geschäftsführer Manfred Aumann und Grant Fisher) und die
ANGUS Chemie GmbH (diese wiederum vertreten durch die Geschäftsführer Rudolf
Lamm und Liam Doherty)

– Beklagte –

wegen: Kündigung des Arbeitsverhältnisses

2 Ca 176/07

Gleiss Lutz Hootz Hirsch Partnerschaftsgesellschaft von Rechtsanwälten, Steuerberatern, Sitz Stuttgart, AG Stuttgart PR 136

1039363401


Gleiss Lutz in association with
Herbert Smith and Stibbe

# Gleiss Lutz

Namens und in Vollmacht des Klägers erheben wir Klage zum Arbeitsgericht Stade. Ordnungsgemäße Bevollmächtigung wird anwaltlich versichert. Wir werden beantragen:

1. **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis durch die außerordentliche Kündigung vom 18. April 2007 nicht beendet wurde.**

2. **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis durch die ordentliche Kündigung vom 18. April 2007 nicht zum 30. November 2007 endet.**

3. **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis auch nicht durch andere Beendigungstatbestände endet, sondern zu unveränderten Bedingungen über den 30. November 2007 hinaus fortbesteht.**

## BEGRÜNDUNG

Die von der Beklagten mit Schreiben vom 18. April 2007 ausgesprochenen Kündigungen sind unwirksam. Das Arbeitsverhältnis des Klägers besteht über den 30. November 2007 hinaus fort. Im Einzelnen:

### I.   Sachverhalt

1. Die **Beklagte** ist eine Tochtergesellschaft des US-amerikanischen, international tätigen Chemiekonzerns Dow Chemical Company. Sie hat ihren Sitz in Stade und beschäftigt i.d.R. mehr als 10 Arbeitnehmer.

2. Der **Kläger** ist bei der Rechtsvorgängerin der Beklagten, der Dow Chemical Handels- und Verwaltungsgesellschaft mbH auf der Grundlage des schriftlichen Anstellungsvertrags vom 9./12. Februar 1977 mit Wirkung ab 1. April 1977 als Field Salesman Construction Materials eingetreten. Der Kläger nimmt an der „Dow Deutschland GmbH & Co. OHG Betriebliche Versorgungsregelung" als System der betrieblichen Altersversorgung der Beklagten teil.

   **Beweis:**    Anstellungsvertrag vom 9./12. Februar 1977, **Anlage K 1**

Gleiss Lutz

3.  Im Zuge mehrfacher Neuorganisationen des Geschäftsbetriebs der Dow Chemical Company in Deutschland wurde das Arbeitsverhältnis des Klägers auf die Dow Deutschland GmbH & Co. OHG und schließlich mit **Überleitungsvertrag vom 23. Juni 2005** auf die gleichnamige Beklagte übertragen, die sich damals noch in Gründung befand. Am 12. Oktober 2005 wurde die Beklagte ins Handelsregister eingetragen.

    Beweis:    1.    Vertrag vom 23. Juni 2005, **Anlage K 2**
               2.    Handelsregisterauszug vom 4. Mai 2007, **Anlage K 3**

4.  Auf der Grundlage des bestehenden Arbeitsverhältnisses mit der Beklagten hat der Kläger **verschiedene Tätigkeiten** im internationalen Dow Chemical Company-Konzern wahrgenommen. Zuletzt war er als Executive Vice President der Dow Chemical-Muttergesellschaft in den USA tätig.

5.  Mit **Schreiben vom 18. April 2007** hat die Beklagte das Arbeitsverhältnis mit dem Kläger außerordentlich mit sofortiger Wirkung sowie hilfsweise ordentlich zum 30. November 2007 **gekündigt**. Gründe für die Kündigung wurden nicht genannt.

    Beweis:    Kündigungsschreiben der Beklagten vom 18. April 2007, **Anlage K 4**

    Mit Schreiben des Unterzeichners vom 19. April 2007 wurde die Beklagte aufgefordert mitzuteilen, **welche Gründe sie für eine Kündigung** des Arbeitsverhältnisses anführt. Trotz dieser Aufforderung hat die Beklagte bislang keinerlei Kündigungsgründe mitgeteilt.

    Beweis:    Schreiben des Unterzeichners vom 19. April 2007, **Anlage K 5**

**II.    Rechtslage**

1.  Für die erhobene Klage ist der Rechtsweg zu den Gerichten für Arbeitssachen gem. § 2 ArbGG eröffnet. Das zwischen den Parteien bestehende Vertragsverhältnis ist als **Arbeitsverhältnis** einzuordnen. Der Kläger übt keinerlei Organfunktionen in deutschen Gesellschaften des Dow Chemical Company-Konzerns aus.

Gleiss Lutz

2.  Für die erhobene Klage ist das **Arbeitsgericht Stade** zuständig. Die örtliche Zuständigkeit des Arbeitsgerichts ergibt sich aus §§ 46 Abs. 2 ArbGG, 17 Abs. 1 ZPO. Der satzungsmäßige Sitz der Beklagten befindet sich in Stade.

3.  Auf das Arbeitsverhältnis finden die Vorschriften des KSchG Anwendung. **Ein Kündigungsgrund** für die Beendigung des Arbeitsverhältnisses ist **nicht** ersichtlich.

4.  Der Klagantrag zu Ziff. 3 beinhaltet eine **selbstständige allgemeine Feststellungsklage** gem. § 256 ZPO. Dem Kläger sind zwar derzeit keine anderen möglichen Beendigungstatbestände außer den mit den Klageanträgen zu Ziff. 1 und 2 angegriffenen Kündigungen bekannt. Jedoch wurden bereits weitere Kündigungen durch andere deutsche Konzerngesellschaften ausgesprochen. Es besteht daher die Gefahr, dass auch die Beklagte im Verlauf des Verfahrens weitere Kündigungen ausspricht. Es wird deshalb mit dem Klagantrag zu Ziff. 3 die Feststellung begehrt, dass das Arbeitsverhältnis auch durch solche weiteren Kündigungen nicht beendet wird.

5.  Der Kläger wird seit Ausspruch der Kündigungen vom 18. April 2007 **nicht mehr beschäftigt**. Er bietet hiermit ausdrücklich seine Arbeitskraft an.

- Dr. Jobst-Hubertus Bauer -

Für die Richtigkeit
der Abschrift

Rechtsanwalt

**HANDELS- & VERWALTUNGSGESELLSCHAFT MBH**

TELEFON: 0 41 41-10 61
TELEX · 02-18 651
TELEGRAMME. DOWCHEM STADE

POSTSTRASSE 1
(WESTBANK-HAUS)
2160 STADE

# Anlage K1

## Anstellungsvertrag

Zwischen der Firma DOW CHEMICAL HANDELS- & VERWALTUNGS-
GESELLSCHAFT MBH, nachstehend DOW genannt, als Arbeit-
geberin und

Herrn Romeo Kreinberg-Jusic , geboren am 24. Oktober 1950

als Arbeitnehmer, wird folgender Anstellungsvertrag ge-
schlossen:

### 1.0 Tätigkeit

1.1 Sie werden zum 1. April 1977 als Field Salesman
Construction Materials
in Düsseldorf
eingestellt und verpflichten sich, Ihre Arbeitskraft
voll in den Dienst der Firma zu stellen. Während Ihrer
Tätigkeit bei DOW sind Sie weiterhin verpflichtet, alle
Vorschriften über die persönliche und betriebliche
Sicherheit, insbesondere die Anweisungen der zustän-
digen Vorgesetzten und der Geschäftsleitung, zu be-
achten.

1.2 Versetzungen auf einen anderen Arbeitsplatz erfolgen
nach Absprache.

### 2.0 Probezeit

Als Probezeit wird ein Zeitraum von 6 Monaten verein-
bart. Während dieser Zeit kann das Arbeitsverhältnis
von beiden Seiten unter Einhaltung einer Frist von
einem Monat zum Monatsende gekündigt werden.

GESCHÄFTSFÜHRER:
CLYDE H. BOYD, HORGEN. CHARLES M. DOSCHER, HORGEN. EUGEN H. FORTER, STADE
PAUL G. STROEBEL, HORGEN. RENE H. WILD, STADE

VERKAUFSBÜROS
2000 HAMBURG 76, WINTERHUDER WEG 29/31
4000 DÜSSELDORF 1, GRUNERSTR. 46

3.o    Vergütung

3.1    Für Ihre Tätigkeit erhalten Sie ein monatlich nach-
träglich zahlbares Entgelt von DM 3.2oo,-- brutto,
(in Worten: Dreitausendzweihundert Deutsche Mark).
Mit der Zahlung des vereinbarten Bruttoeinkommens ist
etwaige Mehrarbeit abgegolten.

3.2    Gehaltserhöhungen, Änderungen in der Position und
Funktion sowie Beförderungen werden von der Geschäfts-
leitung beschlossen und Ihnen mitgeteilt.

3.3    Die Gehaltszahlung erfolgt bargeldlos.

4.o    Gratifikation

DOW zahlt am Jahresende als Gratifikation ein volles
Monatsgehalt entsprechend dem Grundgehalt im Dezember.
Diese Zahlung setzt eine ununterbrochene Zugehörigkeit
zur Firma von 12 Monaten im Kalenderjahr voraus. Im
Einstellungsjahr erhalten Sie für jeden vollen Monat,
den Sie bei DOW gearbeitet haben, ein Zwölftel der
Gratifikation. Sie haben im Jahre 1977 Anspruch
auf 9/12  der Gratifikation.

5.o    Reisekosten

Für die Reisekostenerstattung und sonstige Aufwands-
entschädigungen gelten die dazu erlassenen Richtlinien
der Geschäftsführung, die hiermit zum Bestandteil
dieses Vertrages gemacht werden.

6.o    Arbeitszeit

Nach der derzeit gültigen betrieblichen Regelung beträgt
die normale Arbeitszeit bei fünf  Arbeitstagen, von
Montag bis Freitag, 4o Stunden pro Woche.

7.o    Urlaub

7.1    Sie haben Anspruch auf einen Jahresurlaub, der sich aus
folgender Staffelung ergibt: (neue Staffelung siehe Anlage)

| Vollendetes Lebensjahr (im Kalenderjahr) | Urlaubstage |
|---|---|
| 18 - 24 Jahre | 2o Arbeitstage |
| 25 - 29 Jahre | 21 Arbeitstage |
| 3o - 34 Jahre | 22 Arbeitstage |
| 35 - 39 Jahre | 24 Arbeitstage |
| 4o Jahre und älter | 25 Arbeitstage |

## Neue Urlaubsregelung

### 1977

| Vollendetes Lebensjahr (im Kalenderjahr) | Urlaubstage |
|---|---|
| 18 - 24 Jahre | 21 Arbeitstage |
| 25 - 29 Jahre | 22 Arbeitstage |
| 3o - 34 Jahre | 23 Arbeitstage |
| 35 - 39 Jahre | 25 Arbeitstage |
| 4o Jahre und älter | 26 Arbeitstage |

### 1978

| Vollendetes Lebensjahr (im Kalenderjahr) | Urlaubstage |
|---|---|
| 18 - 24 Jahre | 22 Arbeitstage |
| 25 - 29 Jahre | 23 Arbeitstage |
| 3o - 34 Jahre | 24 Arbeitstage |
| 35 - 39 Jahre | 26 Arbeitstage |
| 4o Jahre und älter | 27 Arbeitstage |

7.2 Der Urlaub ist jeweils während des laufenden Kalenderjahres zu nehmen. In Ausnahmefällen kann er bis zum 31. März des folgenden Jahres gewährt werden. Bei einer Beschäftigungsdauer von weniger als 12 Monaten im Kalenderjahr erhalten Sie anteilmäßigen Urlaub.

7.3 Der Jahresurlaub kann erstmals nach 6 Monaten Betriebszugehörigkeit geltend gemacht werden und ist hinsichtlich der zeitlichen Lage rechtzeitig vorher mit dem zuständigen Vorgesetzten abzustimmen.

8.0  <u>Urlaubsgeld</u>

DOW zahlt Ihnen im Juni ein Urlaubsgeld in Höhe von 30 % des Junigrundgehaltes, mindestens jedoch DM 800,-- p.a. brutto.
Diese Zahlung setzt eine ununterbrochene Firmenzugehörigkeit von 12 Monaten im Kalenderjahr voraus.
Liegt im Jahr der Einstellung das Eintrittsdatum vor dem 30. Juni, so erhalten Sie in diesem Jahr für jeden vollen Monat der Zugehörigkeit 2,5 % des Junigrundgehaltes, mindestens jedoch DM 66,67 p.m. brutto.
Erfolgt der Eintritt nach dem 30. Juni, erhalten Sie zum Jahresende für jeden vollen Monat der Zugehörigkeit 2,5 % (mindestens DM 66,67) vom Grundgehalt des Einstellungsmonats.
Sollten Sie vor Ablauf des Jahres ausscheiden und Ihnen aufgrund obiger Regelung zuviel Urlaubsgeld ausgezahlt worden sein, so gilt dieses als Vorschuß und wird mit den Restansprüchen verrechnet.
Sie haben somit in diesem Jahre Anspruch auf ein Urlaubsgeld in Höhe von DM 720,--.

9.0  <u>Krankheit</u>

Im Falle einer Erkrankung wird das Gehalt gemäß den geltenden gesetzlichen Bestimmungen weitergezahlt. Eine darüber hinausgehende Fortzahlung liegt im Ermessen der Geschäftsführung.
Sie sind verpflichtet, eine Erkrankung unverzüglich anzuzeigen.

10.0  <u>Alters- und Hinterbliebenenversorgung</u>

Mit dem Abschluß dieses Vertrages werden Sie nach einer Wartezeit von 6 vollen Kalendermonaten automatisch Mitglied der betrieblichen Alters- und Hinterbliebenenversorgung. Mit den sich daraus ergebenden Rechten übernehmen Sie auch die Pflichten der Beitragszahlung gemäß den Bestimmungen des Pensionsplans, der hiermit zum Bestandteil dieses Vertrages wird. Die Mitgliedschaft kann während der Dauer des Anstellungsverhältnisses bei DOW

### 11.o    Kündigungsfristen

11.1    Die Kündigungsfrist beträgt nach Ablauf der Probezeit für beide Seiten 6 Wochen zum Quartalsende.

11.2    Nach Ablauf der Probezeit gilt das Arbeitsverhältnis als auf unbestimmte Zeit abgeschlossen. Es endet jedoch spätestens mit dem Ablauf des Monats, in dem Sie das 65. Lebensjahr vollendet haben. Hierzu bedarf es keiner besonderen Kündigung.

### 12.o    Geheimhaltung

12.1    Sie verpflichten sich, alle Ihre Tätigkeit bei unserer Gesellschaft betreffenden Gegenstände und Angelegenheiten wie Schriftstücke, Pläne und Zeichnungen als Ihnen anvertrautes ausschließliches Eigentum unserer Gesellschaft zu behandeln und auf Verlangen jederzeit, spätestens aber bei Beendigung des Anstellungsverhältnisses, unaufgefordert an unsere Gesellschaft zurückzugeben.

12.2    Sie verpflichten sich, über die Ergebnisse Ihrer Arbeit und die Ihnen bekannt gewordenen Verhältnisse und Angelegenheiten unserer Gesellschaft gegenüber jedem Stillschweigen zu bewahren, der nicht durch Stellung oder Tätigkeit in unserer Gesellschaft zur Kenntnisnahme befugt ist. Sie verpflichten sich insbesondere, Unbefugten keinen Einblick in die Verhältnisse unserer Gesellschaft zu ermöglichen.

12.3    Sie verpflichten sich, irgendwelche Veröffentlichungen nur mit unserer vorherigen Zustimmung vorzunehmen.

12.4    Sie verpflichten sich, alle geheimen Erfahrungen unserer Gesellschaft nicht außerhalb unserer Gesellschaft zu benutzen. Diese Verpflichtung bleibt auch nach dem Ausscheiden aus unserer Gesellschaft bestehen.

### 13.o    Ärztliche Einstellungsuntersuchung

13.1    Dieser Vertrag wird wirksam unter der Bedingung eines zufriedenstellenden ärztlichen Untersuchungsergebnisses durch einen Arzt unserer Wahl.

13.2    Sie verpflichten sich, an routinemäßigen ärztlichen Untersuchungen unseres Werksarztes teilzunehmen.

**DOW**

**14.0  Vertragsänderungen und sonstige Vereinbarungen**

14.1  Vertragsänderungen und Absprachen außerhalb der Rege-
lungen dieses Vertrages bedürfen der Schriftform.

14.2  Im übrigen gelten die gesetzlichen Bestimmungen und
betrieblichen Regelungen.

14.3  Von diesem Anstellungsvertrag haben die Vertrags-
schließenden je eine Ausfertigung erhalten.

**15.0  Ausschlußfristen**

Ansprüche aus dem Arbeitsverhältnis müssen innerhalb
einer Ausschlußfrist von drei Monaten nach Fälligkeit
schriftlich geltend gemacht werden. Nach Ablauf dieser
Frist ist die Geltendmachung ausgeschlossen.

**16.0  Gerichtsstand**

Der Gerichtsstand für Streitigkeiten aus diesem Vertrag
ist das für Ihren Arbeitsort zuständige Arbeitsgericht.

DOW CHEMICAL HANDELS- &
VERWALTUNGSGESELLSCHAFT MBH

Mit vorstehendem Vertrag erkläre
ich mich einverstanden

...................
Heino Zell
Personalleiter

Stade, den .9..Februar.1977

.ISERLOHN..., den .12.2..1977