**Anlage K2**

Dow

Dow Deutschland GmbH & Co. OHG

Herrn
Romeo Kreinberg
3600 Valley Drive
Midland
Michigan 48640
USA

Sehr geehrter Herr Kreinberg,

hiermit möchten wir Ihnen zugleich im Namen und Auftrag der neuen, in Gründung befindlichen Dow Deutschland GmbH & Co. OHG mitteilen, dass am 01. August 2005 eine Neuorganisation innerhalb der deutschen Dow-Gruppe wirksam wird. Die Gründe (global veranlasste Steuer-Optimierung) sind auch in dem kürzlich erschienenen Aushang genannt worden.
Ihre jetzige Arbeitgeberin, die Dow Deutschland GmbH & Co. OHG (DDOHG) überträgt die Betriebsführung auf die neue in Gründung befindliche Dow Deutschland GmbH & Co. OHG (Betriebsführungsgesellschaft). Aus diesem Grunde werden auch alle Arbeitsverhältnisse von diesem Zeitpunkt an mit der Betriebsführungsgesellschaft fortgeführt, selbstverständlich unter inhaltlich unveränderten Bedingungen.
Alle Ihre Ansprüche einschließlich der Ansprüche auf die betriebliche Altersversorgung bleiben voll gewahrt. DDOHG wird deshalb alle Ruhegeldanwartschaften auf die Betriebsführungsgesellschaft übertragen. Alle Betriebsvereinbarungen gelten weiter. Die von Ihnen gewählten Betriebsräte bleiben im Amt, ebenso der Gesamtbetriebsrat. Die bei DDOHG verbrachte Betriebszugehörigkeit wird selbstverständlich vollständig bei der Betriebsführungsgesellschaft angerechnet. Sie erbringen Ihre Arbeitsleistung weiterhin an Ihrem bisherigen Arbeitsplatz und erklären sich auch damit einverstanden, Ihre Arbeitsleistung im Rahmen der Betriebsführung bei DDOHG zu erbringen. DDOHG gewährleistet die Erfüllung aller Ansprüche durch die Betriebsführungsgesellschaft.

Bitte erklären Sie durch Ihre Unterschrift, dass Sie dieses Schreiben erhalten haben, mit seinem Inhalt einverstanden sind und mit der jetzigen DDOHG die Vereinbarung schließen, dass Ihr Arbeitsverhältnis mit DDOHG mit Ablauf des 31. Juli 2005 endet und mit der Betriebsführungsgesellschaft mit Beginn des 1. August 2005 an unverändert fortgeführt wird.

Schwalbach, den 28. Juli 2005                    ................., den ...................

_(Unterschrift)_                                  _(Unterschrift)_

Geschäftsführung                                 Mitarbeiter/-in
Dow Deutschland GmbH & Co. OHG
zugleich im Auftrag der neuen
Dow Deutschland GmbH & Co. OHG in Gründung

*Bitte reichen Sie eines dieser Schriftstücke unterschrieben zurück.*

Schwalbach:
Postfach 5264
65727 Eschborn, Germany
Am Kronberger Hang 4
65824 Schwalbach, Germany
Telefon: 04146 / 91-0
Telefax: 04146 / 91-2600

Sitz der Gesellschaft
Stade
Handelsregister Stade
HRA 3616
USt.-IDENT.-Nr. DE811331549

Gesellschafter:
1. Dow Deutschland GmbH
   Sitz:          Stade
   Amtsgericht:   Stade, HRB 5817
   Geschäftsführer: Norbert von Koczian
                    Rudolf Lamm
                    John Sampson
                    Joachim Thalacker
                    Uwe Wiechorn
2. Dow Deutschland Beteiligungsgesellschaft mbH
                    3. Dow Olefinverbund GmbH

631-11-111F-2

Handelsregister A des Amtsgerichts Tostedt

Ausdruck
Abruf vom 4.5.2007 10:33

Anlage(K) Nummer der Firma: Seite 1 von 2

HRA 200059

| Nummer der Eintragung | a) Firma b) Sitz, Niederlassung, Zweigniederlassungen c) Gegenstand des Unternehmens | a) Allgemeine Vertretungsregelung b) Inhaber, persönlich haftende Gesellschafter, Geschäftsführer, Vorstand, Vertretungsberechtigte und besondere Vertretungsbefugnis | Prokura | a) Rechtsform, Beginn und Satzung b) Sonstige Rechtsverhältnisse c) Kommanditisten, Mitglieder | a) Tag der Eintragung b) Bemerkungen |
|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 |
| 1 | a) Dow Deutschland GmbH & Co.OHG b) Stade | a) Jeweils zwei persönlich haftende Gesellschafter vertreten gemeinsam. Jeder persönlich haftende Gesellschafter sowie dessen jeweiliger Geschäftsführer sind befugt, im Namen der Gesellschaft mit sich im eigenen Namen oder als Vertreter eines Dritten Rechtsgeschäfte vorzunehmen. b) Persönlich haftender Gesellschafter: DOW Automotive (Deutschland) GmbH, Dillenburg (AG Wetzlar HRB 3354) Persönlich haftender Gesellschafter: SAFECHEM Europe GmbH, Stade (AG Tostedt HRB 100320) Persönlich haftender Gesellschafter: ANGUS Chemie GmbH, Ibbenbüren (AG Steinfurt HRB 5165) | | a) Offene Handelsgesellschaft | a) 12.10.2005 Schlöfer |
| 2 | | | Einzelprokura: Diemel-Räcker, Beate, Frankfurt, *05.05.1958 Genies, Hubertus Hermann Caspar, Münster, *12.03.1950 Dr. Beck, Martin, Hennef, *18.03.1958 Koch, Stefan, Schwabach, *28.10.1964 Heidenreich, Klaus, Schöffentodt, *29.03.1955 Andersch, Gerhard, Himmelpforten, *27.07.1960 Gesamtprokura gemeinsam mit einem persönlich haftenden Gesellschafter oder einem anderen Prokuristen: Deister-Andres, Wolfgang, Bühl, *28.04.1959 Volier, Christian, Hamburg, *05.03.1953 Hesse, Werner, Aisbach-Hähnlein, *13.04.1948 Hertz, Ulrike, Schnitten-Seelenberg, *18.09.1956 | | a) 17.11.2005 Konnstäbl |
| 3 | | | Einzelprokura: Von Amts wegen berichtigend eingetragen: Koch, Stefan, Bad Homburg v. d. Höhe, *28.10.1964 | | a) 28.11.2005 Schlöfer |
| 4 | | | Gesamtprokura gemeinsam mit einem persönlich haftenden Gesellschafter oder einem anderen Prokuristen: Krätzig, Karl, Delmn, *07.10.1969 | — | a) 21.03.2006 Schlöfer |
| 5 | | | Prokura erloschen: Koch, Stefan, Bad Homburg v. d. Höhe, *28.10.1964 Einzelprokura: | | a) 17.08.2006 Schlöfer |

Handelsregister A des Amtsgerichts Tostedt

**Ausdruck**
Abruf vom 4.5.2007 10:33

Nummer der Firma: 2
Seite 2 von 2

HRA 200059

| Nummer der Eintragung | a) Firma b) Sitz, Niederlassung, Zweigniederlassungen c) Gegenstand des Unternehmens | a) Allgemeine Vertretungsregelung b) Inhaber, persönlich haftende Gesellschafter, Geschäftsführer, Vorstand, Vertretungsberechtigte und besondere Vertretungsbefugnis | Prokura | a) Rechtsform, Beginn und Satzung b) Sonstige Rechtsverhältnisse c) Kommanditisten, Mitglieder | a) Tag der Eintragung b) Bemerkungen |
|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 |
| | | | Hesse, Werner, Alsbach-Hähnlein, *13.04.1948<br><br>Gesamtprokura gemeinsam mit einem persönlich haftenden Gesellschafter oder einem anderen Prokuristen: Ryll, Ernst, Oldendorf, *19.08.1952 | | |
| 6 | | | Prokura erloschen: Heidenreich, Klaus, Schiffdorf, *09.03.1955<br><br>Einzelprokura: Hunter, Alasdair, Offendorf (Frankreich), *17.05.1962 | | a) 03.09.2006 Schlifter |
| 7 | | b) Geändert, nun: Persönlich haftender Gesellschafter: DOW Automotive (Deutschland) GmbH, Schkopau (Amtsgericht Halle-Saalkreis HRB 15704) | | | a) 28.09.2006 Schlifter |



Anlage K 4

Dow Deutschland GmbH & Co. OHG

Postfach 5264
65727 Eschborn, Germany
Am Kronberger Hang 4
65824 Schwalbach, Germany
Telefon: (+49)-6196-5660
Telefax: (+49)-6196-566-444
www.dowdeutschland.de

Herrn
Romeo Kreinberg
Am Tyrol 25

58636 Iserlohn

18. April 2007

**Kündigung**

Sehr geehrter Herr Kreinberg,

Hiermit kündigen wir das Anstellungsverhältnis zwischen der Dow Deutschland GmbH & Co. OHG und Ihnen außerordentlich mit sofortiger Wirkung sowie hilfsweise ordentlich fristgemäß zum nächst zulässigen Termin, also mit Wirkung zum 30. November 2007.

Mit freundlichen Grüßen

ppa. Werner Hesse
Prokurist

Manfred Aumann
Geschäftsführer

ppa. Andreas Klotz
Prokurist

Geschäftsführung: Ralf Brinkmann, Rudolf Lamm, John Sampson, Joachim Thalacker, Uwe Wiechern
Sitz der Gesellschaft: Stade · Amtsgericht Tostedt HRA 200059 · USt.-IDENT.-NR. DE 243010637

Gesellschafter:
1. SAFECHEM Europe GmbH
Sitz der Gesellschaft: Stade
Amtsgericht Tostedt HRB 100320

2. Dow Automotive (Deutschland) GmbH
Sitz der Gesellschaft: Schkopau
Amtsgericht Halle-Saalkreis HRB 15704

3. ANGUS Chemie GmbH
Sitz der Gesellschaft: Ibbenbüren
Amtsgericht Steinfurt HRB 5168

8831-11-1226-7
1005 Rev.

## Gleiss Lutz

Anlage K5

Dr. Jobst-Hubertus Bauer

Maybachstraße 6
D-70469 Stuttgart
T +49 711 8997-143
F +49 711 855098
jobst-hubertus.bauer@gleisslutz.com
www.gleisslutz.com

Referenz/reference
JB/CAr/wa 70774-07
Datum/date
19. April 2007

Persönlich/vertraulich

Herrn
Joachim Thalacker
Dow Deutschland GmbH & Co. oHG
Am Kronberger Hang 4

65824 Schwalbach/Ts.

**Dow Deutschland GmbH & Co. oHG ./. Romeo Kreinberg**

Sehr geehrter Herr Thalacker,

ich vertrete Herrn Romeo Kreinberg, 3600 Valley Drive, Midland, Michigan 48640, USA.

Herrn Kreinberg wurde durch die amerikanische Gesellschaft mündlich mitgeteilt, dass sein Anstellungsverhältnis gekündigt werde. Gründe für diese Kündigung wurden bislang nicht genannt. Herr Kreinberg wurde zudem im Unklaren darüber gelassen, auf welches Anstellungsverhältnis sich die Kündigung beziehen soll. Die Gesellschaft hat jedoch – offenbar auf Grund der Kündigung – die geschäftlichen und privaten Unterlagen von Herrn Kreinberg unter Verschluss genommen.

Das gesamte Vorgehen und Verhalten der Gesellschaft ist höchst ungewöhnlich. Ich fordere Sie daher namens und im Auftrag meines Mandanten auf, mir mitzuteilen, ob eine solche Kündigung auch im Hinblick auf das deutsche Anstellungsverhältnis von Herrn Kreinberg ausgesprochen wurde und welche Gründe hierfür gegebenenfalls seitens der Gesellschaft angeführt werden. Gründe für eine solche Kündigung sind nicht ersichtlich. Es ist daher davon auszugehen, dass das Anstellungsverhältnis von Herrn Kreinberg rechtlich unverändert fortbesteht. Herr Kreinberg besteht daher auf einer unveränderten Fortführung seiner vertraglichen Rechte, insbesondere auf Vergütungszahlung und Erfüllung seiner Pensionsansprüche.

Gleiss Lutz Hootz Hirsch Partnerschaftsgesellschaft von Rechtsanwälten, Steuerberatern, Sitz Stuttgart, AG Stuttgart PR 136

1025262501



Gleiss Lutz In association with
Herbert Smith and Stibbe

# Gleiss Lutz

Durch die öffentliche Bekanntmachung einer angeblichen außerordentlichen Kündigung des Anstellungsverhältnisses von Herrn Kreinberg ist sein Ansehen national wie international schwer beschädigt worden. Er behält sich daher ausdrücklich vor, Schadensersatzansprüche geltend zu machen.

Mit freundlichen Grüßen

- Jobst-Hubertus Bauer -
(nach Diktat verreist)

- Gerhard Röder -

# Gleiss Lutz

Vorab per Fax

Arbeitsgericht Stade
Am Sande 4 a

21682 Stade

Fax-Nr.: 04141/406-292

Dr. Jobst-Hubertus Bauer

Maybachstraße 6
D-70469 Stuttgart
T +49 711 8997-143
F +49 711 855096_
jobst-hubertus.bauer@gleisslutz.com
www.gleisslutz.com

Referenz/reference
JB/CAr/wa 70774-07 001
Datum/date
8. Mai 2007

**Klage**

des **Herrn Romeo Kreinberg**, 3600 Valley Drive, Midland, Michigan 48640, USA

– Kläger –

Prozessbevollmächtigte:    Gleiss Lutz, zuständiger Rechtsanwalt Dr. Jobst-Hubertus
Bauer, Maybachstr. 6, 70469 Stuttgart

gegen

die **Dow Deutschland GmbH & Co. OHG**, Am Kronberger Hang 4, 65824 Schwalbach,
vertreten durch die SAFECHEM Europe GmbH (diese wiederum vertreten durch den Ge-
schäftsführer Karl Friedrich Stützle), die Dow Automotive (Deutschland) GmbH (diese
wiederum vertreten durch die Geschäftsführer Manfred Aumann und Grant Fisher) und die
ANGUS Chemie GmbH (diese wiederum vertreten durch die Geschäftsführer Rudolf
Lamm und Liam Doherty)

– Beklagte –

wegen: Kündigung des Arbeitsverhältnisses

Gleiss Lutz Hootz Hirsch Partnerschaftsgesellschaft von Rechtsanwälten, Steuerberatern, Sitz Stuttgart, AG Stuttgart PR 136

1039363401



Gleiss Lutz in association with
Herbert Smith and Stibbe

# Gleiss Lutz

Namens und in Vollmacht des Klägers erheben wir Klage zum Arbeitsgericht Stade. Ordnungsgemäße Bevollmächtigung wird anwaltlich versichert. Wir werden beantragen:

1.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis durch die außerordentliche Kündigung vom 18. April 2007 nicht beendet wurde.**

2.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis durch die ordentliche Kündigung vom 18. April 2007 nicht zum 30. November 2007 endet.**

3.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis auch nicht durch andere Beendigungstatbestände endet, sondern zu unveränderten Bedingungen über den 30. November 2007 hinaus fortbesteht.**

## BEGRÜNDUNG

Die von der Beklagten mit Schreiben vom 18. April 2007 ausgesprochenen Kündigungen sind unwirksam. Das Arbeitsverhältnis des Klägers besteht über den 30. November 2007 hinaus fort. Im Einzelnen:

## I.    Sachverhalt

1.  Die **Beklagte** ist eine Tochtergesellschaft des US-amerikanischen, international tätigen Chemiekonzerns Dow Chemical Company. Sie hat ihren Sitz in Stade und beschäftigt i.d.R. mehr als 10 Arbeitnehmer.

2.  Der **Kläger** ist bei der Rechtsvorgängerin der Beklagten, der Dow Chemical Handels- und Verwaltungsgesellschaft mbH auf der Grundlage des schriftlichen Anstellungsvertrags vom 9./12. Februar 1977 mit Wirkung ab 1. April 1977 als Field Salesman Construction Materials eingetreten. Der Kläger nimmt an der „Dow Deutschland GmbH & Co. OHG Betriebliche Versorgungsregelung" als System der betrieblichen Altersversorgung der Beklagten teil.

    **Beweis:**    Anstellungsvertrag vom 9./12. Februar 1977, **Anlage K 1**

Gleiss Lutz

3. Im Zuge mehrfacher Neuorganisationen des Geschäftsbetriebs der Dow Chemical Company in Deutschland wurde das Arbeitsverhältnis des Klägers auf die Dow Deutschland GmbH & Co. OHG und schließlich mit **Überleitungsvertrag vom 23. Juni 2005** auf die gleichnamige Beklagte übertragen, die sich damals noch in Gründung befand. Am 12. Oktober 2005 wurde die Beklagte ins Handelsregister eingetragen.

    **Beweis:**   1.   Vertrag vom 23. Juni 2005, **Anlage K 2**

                  2.   Handelsregisterauszug vom 4. Mai 2007, **Anlage K 3**

4. Auf der Grundlage des bestehenden Arbeitsverhältnisses mit der Beklagten hat der Kläger **verschiedene Tätigkeiten** im internationalen Dow Chemical Company-Konzern wahrgenommen. Zuletzt war er als Executive Vice President der Dow Chemical-Muttergesellschaft in den USA tätig.

5. Mit **Schreiben vom 18. April 2007** hat die Beklagte das Arbeitsverhältnis mit dem Kläger außerordentlich mit sofortiger Wirkung sowie hilfsweise ordentlich zum 30. November 2007 **gekündigt.** Gründe für die Kündigung wurden nicht genannt.

    **Beweis:**   Kündigungsschreiben der Beklagten vom 18. April 2007, **Anlage K 4**

Mit Schreiben des Unterzeichners vom 19. April 2007 wurde die Beklagte aufgefordert mitzuteilen, **welche Gründe** sie für eine Kündigung des Arbeitsverhältnisses anführt. Trotz dieser Aufforderung hat die Beklagte bislang keinerlei Kündigungsgründe mitgeteilt.

    **Beweis:**   Schreiben des Unterzeichners vom 19. April 2007, **Anlage K 5**

**II.**   **Rechtslage**

1. Für die erhobene Klage ist der Rechtsweg zu den Gerichten für Arbeitssachen gem. § 2 ArbGG eröffnet. Das zwischen den Parteien bestehende Vertragsverhältnis ist als **Arbeitsverhältnis** einzuordnen. Der Kläger übt keinerlei Organfunktionen in deutschen Gesellschaften des Dow Chemical Company-Konzerns aus.

# Gleiss Lutz

2.  Für die erhobene Klage ist das **Arbeitsgericht Stade** zuständig. Die örtliche Zuständigkeit des Arbeitsgerichts ergibt sich aus §§ 46 Abs. 2 ArbGG, 17 Abs. 1 ZPO. Der satzungsmäßige Sitz der Beklagten befindet sich in Stade.

3.  Auf das Arbeitsverhältnis finden die Vorschriften des KSchG Anwendung. **Ein Kündigungsgrund** für die Beendigung des Arbeitsverhältnisses ist **nicht** ersichtlich.

4.  Der Klagantrag zu Ziff. 3 beinhaltet eine **selbstständige allgemeine Feststellungsklage** gem. § 256 ZPO. Dem Kläger sind zwar derzeit keine anderen möglichen Beendigungstatbestände außer den mit den Klageanträgen zu Ziff. 1 und 2 angegriffenen Kündigungen bekannt. Jedoch wurden bereits weitere Kündigungen durch andere deutsche Konzerngesellschaften ausgesprochen. Es besteht daher die Gefahr, dass auch die Beklagte im Verlauf des Verfahrens weitere Kündigungen ausspricht. Es wird deshalb mit dem Klagantrag zu Ziff. 3 die Feststellung begehrt, dass das Arbeitsverhältnis auch durch solche weiteren Kündigungen nicht beendet wird.

5.  Der Kläger wird seit Ausspruch der Kündigungen vom 18. April 2007 **nicht mehr beschäftigt**. Er bietet hiermit ausdrücklich seine Arbeitskraft an.

- Dr. Jobst-Hubertus Bauer -

[*Convenience Translation*]

**Labour Court Stade**

Labour Court Stade, PO Box 3036, 21570 Stade
2 Ca 176/07

Dow Deutschland GmbH & Co. OHG
[Address]

| Your Ref. | File Nr. | Telephone | Date |
|---|---|---|---|
| | 2 Ca 176/07 | 04141 107-708 | 9 Mai 2007 |

## SUMMONS

Dear Sir/Madam,

In the court proceedings

### Kreinberg vs. Dow Deutschland GmbH & Co. OHG

the court has received on 8 May 2007 the enclosed accredited copy of the plaintiff's statement.

You are summoned for the court hearing at the
Labour Court Stade, Ritterstr. 2, 21682 Stade on

**Friday, 25 May 2007**
**11:45 am**
**Stade, Ritterstr. 2, hall 8.**

The presiding judge will hold a conciliatory hearing.

Yours sincerely
upon decreed

(Wings)
Court Clerk

[*The German original document also contains standard instructions of the Court on the procedure. We refrained from translating these instructions.*]

**[*Convenience Translation*]**

## Gleiss Lutz

In advance per telefax

Arbeitsgericht Stade
Am Sande 4 a

21682 Stade

Telefax No.: 04141/406-292

Dr. Jobst-Hubertus Bauer

Maybachstraße 6
D-70469 Stuttgart
T +49 711 8997-143
F +49 711 855096
jobst-hubertus.bauer@gleisslutz.com
www.gleisslutz.com

Referenz/reference
JB/Car/wa 70774-07 001

Datum/date
8 May 2007

**Action**

of **Mr Romeo Kreinberg**, 3600 Valley Drive, Midland, Michigan 48640, USA

- Plaintiff -

Attorney:        Gleiss Lutz, responsible lawyer Dr. Jobst-Hubertus
                 Bauer, Maybachstr. 6, 70469 Stuttgart

against

**Dow Deutschland GmbH & Co. OHG**, Am Konberger Hang 4, 65824 Schwalbach,
represented by SAFECHEM Europe GmbH (the latter represented by the Managing
Director Karl Friedrich Stützle), Dow Automotive (Deutschland) GmbH (represented
by the Managing Directors Manfred Aumann and Grant Fisher) and ANGUS Chemie
GmbH (represented by the Managing Directors Rudolf Lamm and Liam Doherty)

- Defendant -

on account of: notice of termination of the employment relationship

Gleiss Lutz Hootz Hirsch Partnerschaftsgesellschaft von Rechtsanwälten, Steuerberatern, Sitz Stuttgart. AG Stuttgart PR 136

1039364901

Gleiss Lutz in association with
Herbert Smith and Stibbe

DH266029/4 027680-0015                                                Seite 2

Gleiss Lutz

In the name and by full power of attorney of the plaintiff, we lodge an action before the Labour Court Stade. In his capacity as attorney at law the undersigned affirms that he is authorized to procuration. We will request:

1.   **It shall be established that the existing employment relationship between the parties has not been terminated by the notice of termination for cause dated 18 April 2007.**

2.   **It shall be established that the existing employment relationship between the parties will not terminate on 30 November 2007 by virtue of the ordinary notice of termination dated 18 April 2007.**

3.   **It shall be established that the employment relationship existing between the parties shall also not terminate by virtue of other termination reason but shall continue under unchanged terms and conditions beyond 30 November 2007.**

## R E A S O N S

The notices of termination declared by the defendant by letter dated 18 April 2007 are not valid. The employment relationship of the plaintiff continues beyond 30 November 2007. In detail:

### I.   Facts

1.   The **defendant** is a subsidiary of the US-American international chemical group Dow Chemical Company. It has its seat in Stade and employs in general more than 10 employees.

2.   The **plaintiff** has started his employment with the predecessor of the defendant, Dow Chemical Handels- und Verwaltungsgesellschaft mbH by virtue of the written employment contract dated 9/12 February 1977 taking effect as of 1 April 1977 as Field Salesman Construction Materials. The plaintiff participates to the "Dow Deutschland GmbH & Co. OHG Betriebliche Versorgungsregelung" which is a company pension scheme of the defendant.

> **Evidence:**    Employment contract dated 9/12 February 1977, **Appendix K 1**

1039364901

Gleiss Lutz

3.    By virtue of several reorganizations of the business activities of Dow Chemi-
cal Company in Germany, the employment relationship of the plaintiff has
transferred to Dow Deutschland GmbH & Co. OHG and finally by virtue of
the transfer agreement dated 23 June 2005 to the defendant of the same name,
who was in the process of being incorporated at that time. On 12 October
2005, the defendant has been registered with the commercial register.

> **Evidence:**    1.    Agreement dated 23 June 2005, **Appendix K 2**
> 2.    Excerpt from the commercial register dated 4 May
> 2007, **Appendix K 3**

4.    On the basis of the current employment relationship with the defendant the
plaintiff has performed **various activities** in the international Dow Chemical
Company-Group. Most recently, he was employed as Executive Vice Presi-
dent of the Dow Chemical parent company in the USA.

5.    By **letter dated 18 April 2007** the defendant has declared a notice of termina-
tion for cause with immediate effect as well as in the alternative, an ordinary
**notice of termination** taking effect on 30 November 2007. Reasons for the
notices of termination have not been given.

> **Evidence:**    Termination letter of the defendant dated 18 April 2007, **Ap-
> pendix K 4**

By letter of the undersigned dated 19 April 2007 the defendant has been re-
quested to inform on **which reasons** he bases a termination of the employment
relationship. Despite this request, the defendant has not yet informed on any
termination reasons.

> **Evidence:**    Letter of the undersigned dated 19 April 2007, **Appendix K 5**

## II.    Legal Situation

1.    Pursuant to Sec. 2 ArbGG [*Arbeitsgerichtsgesetz* - German Procedural Act for
Labour Courts], the labour courts have exclusive jurisdiction regarding the ac-
tion. The contractual relationship existing between the parties has to be re-
garded as an **employment relationship**. The plaintiff does not hold any
position as member of the board or managing director of any company of the
Dow Chemical Company group in Germany.

Gleiss Lutz

2.  The **Labour Court Stade** is competent regarding the lodged action. The local jurisdiction results from Sec. 46 para. 2 ArbGG, 17 para. 1 ZPO [*Zivilprozessordnung* - German Civil Code]. The statutory seat of the company is Stade.

3.  The provisions of the KSchG [*Kündigungsschutzgesetz* - German Act on Unfair Dismissals] apply to the employment relationship. A **reasons for the termination** of the employment relationship is **not** apparent.

4.  The request under no. 3 of the action contains a **separate general affirmative action for a right pursuant** to sec. 256 ZPO. Although the plaintiff is not aware of any other possible termination elements than those challenged by the requests of the action under no. 1 and 2, further notices of termination have already been pronounced by other German group companies and there is therefore a risk, that the defendant will also pronounce further notices of termination during the course of the proceedings. Therefore, it shall be claimed by the request of the action under no. 3 that the employment relationship shall not be terminated by such further notices of termination.

5.  The plaintiff **is not employed anymore** since the notices of termination dated 18 April 2007 have been pronounced. He offers herewith explicitly his manpower.

- Dr. Jobst-Hubertus Bauer -

Arbeitsgericht Stade

Arbeitsgericht Stade, Postfach 3036, 21670 Stade
2 Ca 175/07

Firma
Dow Deutschland Anlagenges. mbH
vertr.d.d. GF. Ralf Brinkmann, Werner Hesse
Rudolf Lamm und John Sampson
Bützflether Sand 9
21683 Stade

*CC: U. Wieden
g. Thalacher
12. Fitzpatrick
14. Dziola
(Freshfields, HH)
V 15/5/07*

EINGEGANGEN

1 4. Mai 2007

GESCHÄFTSLTG.

| Ihr Zeichen | Aktenzeichen (Bitte stets angeben)<br>2 Ca 175/07 | Durchwahl<br>04141 107-708 | Datum<br>9. Mai 2007 |
|---|---|---|---|

## LADUNG

Sehr geehrte Damen und Herren,

in dem Rechtsstreit

### Kreinberg ./. Dow Deutschland Anlagenges. mbH

ist bei Gericht am 08.05.2007 die für die beklagte Partei in beglaubigter Abschrift beigefügte Klageschrift eingegangen.

Sie werden zur mündlichen Verhandlung des Rechtsstreits vor dem
Arbeitsgericht Stade, Ritterstr. 2, 21682 Stade auf

**Freitag, den 25. Mai 2007,
11:45 Uhr,
Stade, Ritterstr. 2, Saal 8**

geladen.

Es findet eine Güteverhandlung vor d. Vorsitzenden statt.

Hochachtungsvoll
Auf Anordnung

(Wings)
Gerichtsangestellte

---

**Hausanschrift**
Ritterstraße 2
21682 Stade
Parkmöglichkeit:
Tiefgarage Am Sande

**Telefon**
(0 41 41) 107-0
**Telefax**
(0 41 41) 107-712

**Sprechzeiten**
8 - 12.00 Uhr
und nach Vereinbarung

**Internet**
www.arbeitsgericht-stade.niedersachsen.de

# Gleiss Lutz

Dr. Jobst-Hubertus Bauer

Maybachstraße 6
D-70469 Stuttgart
T +49 711 8997-143
F +49 711 855096
jobst-hubertus.bauer@gleisslutz.com
www.gleisslutz.com

Referenz/reference
JB/CAr/wa 70774-07 002
Datum/date
8. Mai 2007

Vorab per Fax

Arbeitsgericht Stade
Am Sande 4 a

21682 Stade

Fax-Nr.: 04141/406-292

**Klage**

des **Herrn Romeo Kreinberg**, 3600 Valley Drive, Midland, Michigan 48640, USA

– Kläger –

Prozessbevollmächtigte:    Gleiss Lutz, zuständiger Rechtsanwalt Dr. Jobst-Hubertus
Bauer, Maybachstr. 6, 70469 Stuttgart

gegen

die **Dow Deutschland Anlagengesellschaft mbH**, Bützflether Sand 9, 21683 Stade, vertreten durch die Geschäftsführer Ralf Brinkmann, Werner Hesse, Rudolf Lamm und John Sampson

– Beklagte –

wegen: Kündigung des Arbeitsverhältnisses

Gleiss Lutz Hootz Hirsch Partnerschaftsgesellschaft von Rechtsanwälten, Steuerberatern, Sitz Stuttgart, AG Stuttgart PR 136

1039364601



Gleiss Lutz in association with
Herbert Smith and Stibbe

# Gleiss Lutz

Namens und in Vollmacht des Klägers erheben wir Klage zum Arbeitsgericht Stade. Ordnungsgemäße Bevollmächtigung wird anwaltlich versichert. Wir werden beantragen:

1.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis durch die außerordentliche Kündigung vom 18. April 2007 nicht beendet wurde.**

2.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis durch die ordentliche Kündigung vom 18. April 2007 nicht zum 30. November 2007 endet.**

3.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis auch nicht durch andere Beendigungstatbestände endet, sondern zu unveränderten Bedingungen über den 30. November 2007 hinaus fortbesteht.**

## BEGRÜNDUNG

Die von der Beklagten mit Schreiben vom 18. April 2007 ausgesprochenen Kündigungen sind unwirksam. Das Arbeitsverhältnis des Klägers besteht über den 30. November 2007 hinaus fort. Im Einzelnen:

### I.    Sachverhalt

1.  Die **Beklagte** ist eine Tochtergesellschaft des US-amerikanischen, international tätigen Chemiekonzerns Dow Chemical Company. Sie hat ihren Sitz in Stade und beschäftigt i.d.R. mehr als 10 Arbeitnehmer.

2.  Der **Kläger** ist bei der Rechtsvorgängerin der Beklagten, der Dow Chemical Handels- und Verwaltungsgesellschaft mbH auf der Grundlage des schriftlichen Anstellungsvertrags vom 9./12. Februar 1977 mit Wirkung ab 1. April 1977 als Field Salesman Construction Materials eingetreten. Der Kläger nimmt an der „Dow Deutschland GmbH & Co. OHG Betriebliche Versorgungsregelung" als System der betrieblichen Altersversorgung der Beklagten teil.

    **Beweis:**    Anstellungsvertrag vom 9./12. Februar 1977, **Anlage K 1**

# Gleiss Lutz

3. Im Zuge mehrfacher Neuorganisationen des Geschäftsbetriebs der Dow Chemical Company in Deutschland wurde das Arbeitsverhältnis des Klägers u.a. auch **auf die Beklagte übertragen** und von dieser weitergeführt.

4. Auf der Grundlage des bestehenden Arbeitsverhältnisses mit der Beklagten hat der Kläger **verschiedene Tätigkeiten** im internationalen Dow Chemical Company-Konzern wahrgenommen. Zuletzt war er als Executive Vice President der Dow Chemical-Muttergesellschaft in den USA tätig.

5. Mit **Schreiben vom 18. April 2007** hat die Beklagte das Arbeitsverhältnis mit dem Kläger außerordentlich mit sofortiger Wirkung sowie hilfsweise ordentlich zum 30. November 2007 **gekündigt**. Gründe für die Kündigung wurden nicht genannt.

    **Beweis:**    Kündigungsschreiben der Beklagten vom 18. April 2007, **Anlage K 2**

## II.    Rechtslage

1. Für die erhobene Klage ist der Rechtsweg zu den Gerichten für Arbeitssachen gem. § 2 ArbGG eröffnet. Das zwischen den Parteien bestehende Vertragsverhältnis ist als **Arbeitsverhältnis** einzuordnen. Der Kläger übt keinerlei Organfunktionen in deutschen Gesellschaften des Dow Chemical Company-Konzerns aus.

2. Für die erhobene Klage ist das **Arbeitsgericht Stade** zuständig. Die örtliche Zuständigkeit des Arbeitsgerichts ergibt sich aus §§ 46 Abs. 2 ArbGG, 17 Abs. 1 Satz 2 ZPO. Der satzungsmäßige Sitz der Beklagten befindet sich in Stade.

3. Auf das Arbeitsverhältnis finden die Vorschriften des KSchG Anwendung. **Ein Kündigungsgrund** für die Beendigung des Arbeitsverhältnisses ist **nicht** ersichtlich.

4. Der Klagantrag zu Ziff. 3 beinhaltet eine **selbstständige allgemeine Feststellungsklage** gem. § 256 ZPO. Dem Kläger sind zwar derzeit keine anderen möglichen Beendigungstatbestände außer den mit den Klageanträgen zu Ziff. 1 und 2 angegriffenen Kündigungen bekannt. Jedoch wurden bereits weitere Kündigungen durch andere deutsche Konzerngesellschaften ausgesprochen. Es besteht daher die Gefahr, dass auch die Beklagte im Verlauf des Verfahrens weitere Kündigungen ausspricht. Es

# Gleiss Lutz

wird deshalb mit dem Klagantrag zu Ziff. 3 die Feststellung begehrt, dass das Arbeitsverhältnis auch durch solche weiteren Kündigungen nicht beendet wird.

5.   Der Kläger wird seit Ausspruch der Kündigungen vom 18. April 2007 **nicht mehr beschäftigt.** Er bietet hiermit ausdrücklich seine Arbeitskraft an.

- Dr. Johst-Hubertus Bauer -

1039364601                                                                 - 4 -

## Gleiss Lutz                    Beglaubigte Abschrift

Vorab per Fax

Arbeitsgericht Stade
Am Sande 4 a

21682 Stade

Fax-Nr.: 04141/406-292





Dr. Jobst-Hubertus Bauer

Maybachstraße 6
D-70469 Stuttgart
T +49 711 8997-143
F +49 711 855086
jobst-hubertus.bauer@gleisslutz.com
www.gleisslutz.com

Referenz/reference
JB/CA/fwo 70774-07 002
Datum/date
8 Mai 2007

**Klage**

des **Herrn Romeo Kreinberg**, 3600 Valley Drive, Midland, Michigan 48640, USA

– Kläger –

Prozessbevollmächtigte:     Gleiss Lutz, zuständiger Rechtsanwalt Dr. Jobst-Hubertus
                            Bauer, Maybachstr. 6, 70469 Stuttgart

gegen

die **Dow Deutschland Anlagengesellschaft mbH**, Bützflether Sand 9, 21683 Stade, vertreten durch die Geschäftsführer Ralf Brinkmann, Werner Hesse, Rudolf Lamm und John Sampson

– Beklagte –

wegen: Kündigung des Arbeitsverhältnisses

2 Ca 175/07



Gleiss Lutz Hootz Hirsch Partnerschaftsgesellschaft von Rechtsanwälten, Steuerberatern. Sitz Stuttgart, AG Stuttgart PR 136

1039364601

Gleiss Lutz in association with
Herbert Smith and Stibbe

## Gleiss Lutz

Namens und in Vollmacht des Klägers erheben wir Klage zum Arbeitsgericht Stade. Ordnungsgemäße Bevollmächtigung wird anwaltlich versichert. Wir werden beantragen:

1.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis durch die außerordentliche Kündigung vom 18. April 2007 nicht beendet wurde.**

2.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis durch die ordentliche Kündigung vom 18. April 2007 nicht zum 30. November 2007 endet.**

3.  **Es wird festgestellt, dass das zwischen den Parteien bestehende Arbeitsverhältnis auch nicht durch andere Beendigungstatbestände endet, sondern zu unveränderten Bedingungen über den 30. November 2007 hinaus fortbesteht.**

**BEGRÜNDUNG**

Die von der Beklagten mit Schreiben vom 18. April 2007 ausgesprochenen Kündigungen sind unwirksam. Das Arbeitsverhältnis des Klägers besteht über den 30. November 2007 hinaus fort. Im Einzelnen:

**I.    Sachverhalt**

1.  Die Beklagte ist eine Tochtergesellschaft des US-amerikanischen, international tätigen Chemiekonzerns Dow Chemical Company. Sie hat ihren Sitz in Stade und beschäftigt i.d.R. mehr als 10 Arbeitnehmer.

2.  Der Kläger ist bei der Rechtsvorgängerin der Beklagten, der Dow Chemical Handels- und Verwaltungsgesellschaft mbH auf der Grundlage des schriftlichen Anstellungsvertrags vom 9./12. Februar 1977 mit Wirkung ab 1. April 1977 als Field Salesman Construction Materials eingetreten. Der Kläger nimmt an der „Dow Deutschland GmbH & Co. OHG Betriebliche Versorgungsregelung" als System der betrieblichen Altersversorgung der Beklagten teil.

    **Beweis:**    Anstellungsvertrag vom 9./12. Februar 1977, **Anlage K 1**

1039364601

Gleiss Lutz

3.    Im Zuge mehrfacher Neuorganisationen des Geschäftsbetriebs der Dow Chemical Company in Deutschland wurde das Arbeitsverhältnis des Klägers u.a. auch **auf die Beklagte übertragen** und von dieser weitergeführt.

4.    Auf der Grundlage des bestehenden Arbeitsverhältnisses mit der Beklagten hat der Kläger **verschiedene Tätigkeiten** im internationalen Dow Chemical Company-Konzern wahrgenommen. Zuletzt war er als Executive Vice President der Dow Chemical-Muttergesellschaft in den USA tätig.

5.    **Mit Schreiben vom 18. April 2007** hat die Beklagte das Arbeitsverhältnis mit dem Kläger außerordentlich mit sofortiger Wirkung sowie hilfsweise ordentlich zum 30. November 2007 **gekündigt.** Gründe für die Kündigung wurden nicht genannt.

      **Beweis:**    Kündigungsschreiben der Beklagten vom 18. April 2007, **Anlage K 2**

## II.    Rechtslage

1.    Für die erhobene Klage ist der Rechtsweg zu den Gerichten für Arbeitssachen gem. § 2 ArbGG eröffnet. Das zwischen den Parteien bestehende Vertragsverhältnis ist als **Arbeitsverhältnis** einzuordnen. Der Kläger übt keinerlei Organfunktionen in deutschen Gesellschaften des Dow Chemical Company-Konzerns aus.

2.    Für die erhobene Klage ist das **Arbeitsgericht Stade** zuständig. Die örtliche Zuständigkeit des Arbeitsgerichts ergibt sich aus §§ 46 Abs. 2 ArbGG, 17 Abs. 1 Satz 2 ZPO. Der satzungsmäßige Sitz der Beklagten befindet sich in Stade.

3.    Auf das Arbeitsverhältnis finden die Vorschriften des KSchG Anwendung. **Ein Kündigungsgrund** für die Beendigung des Arbeitsverhältnisses ist **nicht** ersichtlich.

4.    Der Klagantrag zu Ziff. 3 beinhaltet eine **selbstständige allgemeine Feststellungsklage** gem. § 256 ZPO. Dem Kläger sind zwar derzeit keine anderen möglichen Beendigungstatbestände außer den mit den Klageanträgen zu Ziff. 1 und 2 angegriffenen Kündigungen bekannt. Jedoch wurden bereits weitere Kündigungen durch andere deutsche Konzerngesellschaften ausgesprochen. Es besteht daher die Gefahr, dass auch die Beklagte im Verlauf des Verfahrens weitere Kündigungen ausspricht. Es

Gleiss Lutz

wird deshalb mit dem Klagantrag zu Ziff. 3 die Feststellung begehrt, dass das Arbeitsverhältnis auch durch solche weiteren Kündigungen nicht beendet wird.

5. Der Kläger wird seit Ausspruch der Kündigungen vom 18. April 2007 **nicht mehr beschäftigt.** Er bietet hiermit ausdrücklich seine Arbeitskraft an.

- Dr. Jobst-Hubertus Bauer -

Für die Richtigkeit
der Abschrift

Rechtsanwalt

1039364601

- 4 -

TELEFON · 0 41 41-10 61
TELEX · 02-18 651
TELEGRAMME · DOWCHEM STADE

HOHSTSTRASSE 1
(WESTBANK-HAUS)
2160 STADE

Anlage K1

## Anstellungsvertrag

Zwischen der Firma DOW CHEMICAL HANDELS- & VERWALTUNGS-
GESELLSCHAFT MBH, nachstehend DOW genannt, als Arbeit-
geberin und

Herrn Romeo Kreinberg-Jusic     , geboren am 24. Oktober 1950

als Arbeitnehmer, wird folgender Anstellungsvertrag ge-
schlossen:

### 1.o   Tätigkeit

1.1   Sie werden zum  1. April 1977 als Field Salesman
                                Construction Materials
      in Düsseldorf
      eingestellt und verpflichten sich, Ihre Arbeitskraft
      voll in den Dienst der Firma zu stellen. Während Ihrer
      Tätigkeit bei DOW sind Sie weiterhin verpflichtet, alle
      Vorschriften über die persönliche und betriebliche
      Sicherheit, insbesondere die Anweisungen der zustän-
      digen Vorgesetzten und der Geschäftsleitung, zu be-
      achten.

1.2   Versetzungen auf einen anderen Arbeitsplatz erfolgen
      nach Absprache.

### 2.o   Probezeit

      Als Probezeit wird ein Zeitraum von 6 Monaten verein-
      bart. Während dieser Zeit kann das Arbeitsverhältnis
      von beiden Seiten unter Einhaltung einer Frist von
      einem Monat zum Monatsende gekündigt werden.

GESCHÄFTSFÜHRER
CLYDE n. BOYD, HORGEN, CHARLES M. DOSCHER, HORGEN, EUGEN H. FORTER, STADE,
PAUL G. STRICKWE, HORGEN, RENE H. WILD, STADE

VERKAUFSBÜROS
2000 HAMBURG 76, WINTERHUDER WEG 29/31
4000 DÜSSELDORF 1, GRUNERSTR. 46

3.0    Vergütung

3.1    Für Ihre Tätigkeit erhalten Sie ein monatlich nach-
       träglich zahlbares Entgelt von DM 3.200,-- brutto,
       (in Worten: Dreitausendzweihundert Deutsche Mark).
       Mit der Zahlung des vereinbarten Bruttoeinkommens ist
       etwaige Mehrarbeit abgegolten.

3.2    Gehaltserhöhungen, Änderungen in der Position und
       Funktion sowie Beförderungen werden von der Geschäfts-
       leitung beschlossen und Ihnen mitgeteilt.

3.3    Die Gehaltszahlung erfolgt bargeldlos.


4.0    Gratifikation

       DOW zahlt am Jahresende als Gratifikation ein volles
       Monatsgehalt entsprechend dem Grundgehalt im Dezember.
       Diese Zahlung setzt eine ununterbrochene Zugehörigkeit
       zur Firma von 12 Monaten im Kalenderjahr voraus. Im
       Einstellungsjahr erhalten Sie für jeden vollen Monat,
       den Sie bei DOW gearbeitet haben, ein Zwölftel der
       Gratifikation. Sie haben im Jahre 1977 Anspruch
       auf 9/12  der Gratifikation.


5.0    Reisekosten

       Für die Reisekostenerstattung und sonstige Aufwands-
       entschädigungen gelten die dazu erlassenen Richtlinien
       der Geschäftsführung, die hiermit zum Bestandteil
       dieses Vertrages gemacht werden.


6.0    Arbeitszeit

       Nach der derzeit gültigen betrieblichen Regelung beträgt
       die normale Arbeitszeit bei fünf  Arbeitstagen, von
       Montag bis Freitag, 40 Stunden pro Woche.


7.0    Urlaub

7.1    Sie haben Anspruch auf einen Jahresurlaub, der sich aus
       folgender Staffelung ergibt: (neue Staffelung siehe Anlage)

       Vollendetes Lebensjahr
       (im Kalenderjahr)                Urlaubstage

           18 - 24 Jahre              20 Arbeitstage
           25 - 29 Jahre              21 Arbeitstage
           30 - 34 Jahre              22 Arbeitstage
           35 - 39 Jahre              24 Arbeitstage
           40 Jahre und älter         25 Arbeitstage

## Neue Urlaubsregelung

### 1977

| Vollendetes Lebensjahr (im Kalenderjahr) | Urlaubstage |
|---|---|
| 18 - 24 Jahre | 21 Arbeitstage |
| 25 - 29 Jahre | 22 Arbeitstage |
| 3o - 34 Jahre | 23 Arbeitstage |
| 35 - 39 Jahre | 25 Arbeitstage |
| 4o Jahre und älter | 26 Arbeitstage |

### 1978

| Vollendetes Lebensjahr (im Kalenderjahr) | Urlaubstage |
|---|---|
| 18 - 24 Jahre | 22 Arbeitstage |
| 25 - 29 Jahre | 23 Arbeitstage |
| 3o - 34 Jahre | 24 Arbeitstage |
| 35 - 39 Jahre | 26 Arbeitstage |
| 4o Jahre und älter | 27 Arbeitstage |

7.2 Der Urlaub ist jeweils während des laufenden Kalenderjahres zu nehmen. In Ausnahmefällen kann er bis zum 31. März des folgenden Jahres gewährt werden. Bei einer Beschäftigungsdauer von weniger als 12 Monaten im Kalenderjahr erhalten Sie anteilmäßigen Urlaub.

7.3 Der Jahresurlaub kann erstmals nach 6 Monaten Betriebszugehörigkeit geltend gemacht werden und ist hinsichtlich der zeitlichen Lage rechtzeitig vorher mit dem zuständigen Vorgesetzten abzustimmen.

## 8.0 Urlaubsgeld

DOW zahlt Ihnen im Juni ein Urlaubsgeld in Höhe von 3o % des Junigrundgehaltes, mindestens jedoch DM 8oo,-- p.a. brutto.
Diese Zahlung setzt eine ununterbrochene Firmenzugehörigkeit von 12 Monaten im Kalenderjahr voraus.
Liegt im Jahr das Einstellung das Eintrittsdatum vor dem 3o. Juni, so erhalten Sie in diesem Jahr für jeden vollen Monat der Zugehörigkeit 2,5 % des Junigrundgehaltes, mindestens jedoch DM 66,67 p.m. brutto.
Erfolgt der Eintritt nach dem 3o. Juni, erhalten Sie zum Jahresende für jeden vollen Monat der Zugehörigkeit 2,5 % (mindestens DM 66,67) vom Grundgehalt des Einstellungsmonats.
Sollten Sie vor Ablauf des Jahres ausscheiden und Ihnen aufgrund obiger Regelung zuviel Urlaubsgeld ausgezahlt worden sein, so gilt dieses als Vorschuß und wird mit den Restansprüchen verrechnet.
Sie haben somit in diesem Jahre Anspruch auf ein Urlaubsgeld in Höhe von DM 72o,--.

## 9.0 Krankheit

Im Falle einer Erkrankung wird das Gehalt gemäß den geltenden gesetzlichen Bestimmungen weitergezahlt. Eine darüber hinausgehende Fortzahlung liegt im Ermessen der Geschäftsführung.
Sie sind verpflichtet, eine Erkrankung unverzüglich anzuzeigen.

## 10.0 Alters- und Hinterbliebenenversorgung

Mit dem Abschluß dieses Vertrages werden Sie nach einer Wartezeit von 6 vollen Kalendermonaten automatisch Mitglied der betrieblichen Alters- und Hinterbliebenenversorgung. Mit den sich daraus ergebenden Rechten übernehmen Sie auch die Pflichten der Beitragszahlung gemäß den Bestimmungen des Pensionsplans, der hiermit zum Bestandteil dieses Vertrages wird. Die Mitgliedschaft kann während der Dauer des Anstellungsverhältnisses bei DOW

### 11.0    Kündigungsfristen

11.1    Die Kündigungsfrist beträgt nach Ablauf der Probezeit
für beide Seiten 6 Wochen zum Quartalsende.

11.2    Nach Ablauf der Probezeit gilt das Arbeitsverhältnis
als auf unbestimmte Zeit abgeschlossen. Es endet jedoch
spätestens mit dem Ablauf des Monats, in dem Sie das
65. Lebensjahr vollendet haben. Hierzu bedarf es keiner
besonderen Kündigung.

### 12.0    Geheimhaltung

12.1    Sie verpflichten sich, alle Ihre Tätigkeit bei unserer
Gesellschaft betreffenden Gegenstände und Angelegen-
heiten wie Schriftstücke, Pläne und Zeichnungen als
Ihnen anvertrautes ausschließliches Eigentum unserer
Gesellschaft zu behandeln und auf Verlangen jederzeit,
spätestens aber bei Beendigung des Anstellungsverhält-
nisses, unaufgefordert an unsere Gesellschaft zurück-
zugeben.

12.2    Sie verpflichten sich, über die Ergebnisse Ihrer Arbeit
und die Ihnen bekannt gewordenen Verhältnisse und An-
gelegenheiten unserer Gesellschaft gegenüber jedem
Stillschweigen zu bewahren, der nicht durch Stellung
oder Tätigkeit in unserer Gesellschaft zur Kenntnis-
nahme befugt ist. Sie verpflichten sich insbesondere,
Unbefugten keinen Einblick in die Verhältnisse unserer
Gesellschaft zu ermöglichen.

12.3    Sie verpflichten sich, irgendwelche Veröffentlichungen
nur mit unserer vorherigen Zustimmung vorzunehmen.

12.4    Sie verpflichten sich, alle geheimen Erfahrungen unserer
Gesellschaft nicht außerhalb unserer Gesellschaft zu be-
nutzen. Diese Verpflichtung bleibt auch nach dem Aus-
scheiden aus unserer Gesellschaft bestehen.

### 13.0    Ärztliche Einstellungsuntersuchung

13.1    Dieser Vertrag wird wirksam unter der Bedingung eines
zufriedenstellenden ärztlichen Untersuchungsergebnisses
durch einen Arzt unserer Wahl.

13.2    Sie verpflichten sich, an routinemäßigen ärztlichen
Untersuchungen unseres Werksarztes teilzunehmen.

**14.0    Vertragsänderungen und sonstige Vereinbarungen**

14.1    Vertragsänderungen und Absprachen außerhalb der Rege-
        lungen dieses Vertrages bedürfen der Schriftform.

14.2    Im übrigen gelten die gesetzlichen Bestimmungen und
        betrieblichen Regelungen.

14.3    Von diesem Anstellungsvertrag haben die Vertrags-
        schließenden je eine Ausfertigung erhalten.


**15.0    Ausschlußfristen**

Ansprüche aus dem Arbeitsverhältnis müssen innerhalb
einer Ausschlußfrist von drei Monaten nach Fälligkeit
schriftlich geltend gemacht werden. Nach Ablauf dieser
Frist ist die Geltendmachung ausgeschlossen.


**16.0    Gerichtsstand**

Der Gerichtsstand für Streitigkeiten aus diesem Vertrag
ist das für Ihren Arbeitsort zuständige Arbeitsgericht.




DOW CHEMICAL HANDELS- &                  Mit vorstehendem Vertrag erkläre
VERWALTUNGSGESELLSCHAFT MBH              ich mich einverstanden




Heino Zell
Personalleiter

Stade, den 9. Februar 1977              ISERLOHN..., den 12. 2. 1977



Anlage K2

Dow Deutschland Anlagengesellschaft mbH
Werk Stade

Herrn
Romeo Kreinberg
Am Tyrol 25

58636 Iserlohn

18. April 2007

**Kündigung**

Sehr geehrter Herr Kreinberg,

hiermit kündigen wir ein eventuell bestehendes Anstellungsverhältnis zwischen der Dow Deutschland Anlagengesellschaft mbH und Ihnen außerordentlich mit sofortiger Wirkung sowie hilfsweise ordentlich fristgemäß zum nächst zulässigen Termin, also mit Wirkung zum 30. November 2007.

Diese Kündigung erfolgt sicherheitshalber. Wir gehen davon aus, dass ein Anstellungsverhältnis zwischen der Dow Deutschland Anlagengesellschaft mbH und Ihnen nicht besteht.

Mit freundlichen Grüßen

ppa. Harald Hoberg

Dow Deutschland Anlagengesellschaft mbH
ppa. Harald Hoberg
Prokurist

Postfach
21677 Stade, Germany
Bützflether Sand
21683 Stade, Germany

Telefon (+49) 4146/91 0
Telefax (+49)-4146/91-26 00
www.dowdeutschland.de

Sitz der Gesellschaft: Stade
Amtsgericht Tostedt HRB 200098
USt.-IDENT-NR. DE 611331549

Geschäftsführer:
Ralf Brinkmann, Werner Hesse,
Stefan Koch, Rudolf Lamm,
John Sampson

[*Convenience Translation*]

**Labour Court Stade**

<u>Labour Court Stade, PO Box 3036, 21570 Stade</u>
2 Ca 175/07

Dow Deutschland Anlagenges. mbH
[Address]

| Your Ref. | File Nr. | Telephone | Date |
|---|---|---|---|
|  | 2 Ca 175/07 | 04141 107-708 | 9 May 2007 |

### SUMMONS

Dear Sir/Madam,

In the court proceedings

**Kreinberg vs. Dow Deutschland Anlagenges. mbH**

the court has received on 8 May 2007 the enclosed accredited copy of the plaintiff's statement.

You are summoned for the court hearing at the
Labour Court Stade, Ritterstr. 2, 21682 Stade on

      **Friday, 25 May 2007**
      **11:45 am**
      **Stade, Ritterstr. 2, hall 8.**

The presiding judge will hold a conciliatory hearing.

Yours sincerely
upon decreed

(Wings)
Court Clerk

[*The German original document also contains standard instructions of the Court on the procedure. We refrained from translating these instructions.*]

[*Convenience Translation*]

## Gleiss Lutz

In advance per telefax

Arbeitsgericht Stade
Am Sande 4 a

21682 Stade

Telefax No.: 04141/406-292

Dr. Jobst-Hubertus Bauer

Maybachstraße 6
D-70469 Stuttgart
T +49 711 8997-143
F +49 711 855096
jobst-hubertus.bauer@gleisslutz.com
www.gleisslutz.com

Referenz/reference
JB/CAr/wa 70774-07 002

Datum/date
8 May 2007

**Action**

of **Mr Romeo Kreinberg**, 3600 Valley Drive, Midland, Michigan 48640, USA

- Plaintiff -

Attorney:          Gleiss Lutz, responsible lawyer Dr. Jobst-Hubertus
                   Bauer, Maybachstr. 6, 70469 Stuttgart

against

**Dow Deutschland Anlagengesellschaft mbH**, Bützflether Sand 9, 21683 Stade,
represented by the Managing Directors Ralf Brinkmann, Werner Hesse, Rudolf Lamm
and John Sampson

- Defendant -

on account of: notice of termination of the employment relationship

Gleiss Lutz Hootz Hirsch Partnerschaftsgesellschaft von Rechtsanwälten, Steuerberatern, Sitz Stuttgart, AG Stuttgart PR 136

1039364601

Gleiss Lutz in association with
Herbert Smith and Stibbe

DH266909/1+ 027680-0015

Gleiss Lutz

In the name and by full power of attorney of the plaintiff, we lodge an action before the Labour Court Stade. In his capacity as attorney at law the undersigned affirms that he is authorized to procuration. We will request:

1.    **It shall be established that the existing employment relationship between the parties has not been terminated by the notice of termination for cause dated 18 April 2007.**

2.    **It shall be established that the existing employment relationship between the parties will not terminate on 30 November 2007 by virtue of the ordinary notice of termination dated 18 April 2007.**

3.    **It shall be established that the employment relationship existing between the parties shall also not terminate by virtue of other termination reason but shall continue under unchanged terms and conditions beyond 30 November 2007.**

## R E A S O N S

The notices of termination declared by the defendant by letter dated 18 April 2007 are not valid. The employment relationship of the plaintiff continues beyond 30 November 2007. In detail:

**I.    Facts**

1.    The **defendant** is a subsidiary of the US-American international chemical group Dow Chemical Company. It has its seat in Stade and employs in general more than 10 employees.

2.    The **plaintiff** has started his employment with the predecessor of the defendant, Dow Chemical Handels- und Verwaltungsgesellschaft mbH by virtue of the written employment contract dated 9/12 February 1977 taking effect as of 1 April 1977 as Field Salesman Construction Materials. The plaintiff participates to the "Dow Deutschland GmbH & Co. OHG Betriebliche Versorgungsregelung" which is a company pension scheme of the defendant.

    **Evidence:**    Employment contract dated 9/12 February 1977, **Appendix K 1**

3. By virtue of several reorganizations of the business activities of Dow Chemical Company in Germany, the employment relationship of the plaintiff has, among others, **transferred to the defendant** and has been continued by him.

4. On the basis of the current employment relationship with the defendant the plaintiff has performed **various activities** in the international Dow Chemical Company-Group. Most recently, he was employed as Executive Vice President of the Dow Chemical parent company in the USA.

5. By **letter dated 18 April 2007** the defendant has declared a notice of termination for cause with immediate effect as well as in the alternative, an ordinary **notice of termination** taking effect on 30 November 2007. Reasons for the notices of termination have not been given.

> **Evidence:**   Termination letter of the defendant dated 18 April 2007, Appendix K 2

## II.    Legal Situation

1. Pursuant to Sec. 2 ArbGG [*Arbeitsgerichtsgesetz* - German Procedural Act for Labour Courts], the labour courts have exclusive jurisdiction regarding the action. The contractual relationship existing between the parties has to be regarded as an **employment relationship**. The plaintiff does not hold any position as member of the board or managing director of any company of the Dow Chemical Company group in Germany.

2. The **Labour Court Stade** is competent regarding the lodged action. The local jurisdiction results from Sec. 46 para. 2 ArbGG, 17 para. 1 ZPO [*Zivilprozessordnung* - German Civil Code]. The statutory seat of the company is Stade.

3. The provisions of the KSchG [*Kündigungsschutzgesetz* - German Act on Unfair Dismissals] apply to the employment relationship. A **reason for the termination** of the employment relationship is **not** apparent.

4. The request under no. 3 of the action contains a **separate general affirmative action for a right pursuant** to sec. 256 ZPO. Although the plaintiff is not aware of any other possible termination elements than those challenged by the requests of the action under no. 1 and 2, further notices of termination have already been pronounced by other German group companies and there is there-

Gleiss Lutz

fore a risk, that the defendant will also pronounce further notices of termination during the course of the proceedings. Therefore, it shall be claimed by the request of the action under no. 3 that the employment relationship shall not be terminated by such further notices of termination.

5.    The plaintiff **is not employed anymore** since the notices of termination dated 18 April 2007 have been pronounced. He offers herewith explicitly his manpower.

- Dr. Jobst-Hubertus Bauer -