UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J. PEDRO REINHARD,<br><br>               Plaintiff,<br><br>- against -<br><br>THE DOW CHEMICAL COMPANY and ANDREW N. LIVERIS,<br><br>               Defendants. | Case No.:   07-CV-3641 (RPP)<br><br>ECF Case |

**DEFENDANT ANDREW N. LIVERIS'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(3), TO TRANSFER PURSUANT TO 1228 U.S.C. § 1406(a) OR IN THE ALTERNATIVE JOIN THE DOW CHEMICAL COMPANY'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. 1404(a)**

David M. Bernick, P.C.
Peter D. Doyle (PD 1735)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

As described in defendant Dow's pending motion for transfer of this case to the Eastern District of Michigan[1] (where Dow filed an action earlier the same day including the same plaintiff here and the same underlying events), this case has no material connection to New York and was filed here for tactical reasons only. The claim that is the subject of this motion to dismiss was part of the same strategy, taken to a further extreme — adding on to a case which should have been filed in Michigan against a Michigan-based corporation parallel allegations against its Michigan-domiciled CEO for actions that he took in Michigan in his capacity as CEO. While part of the same flawed venue strategy that led the plaintiff to sue the corporation in New York, the facile extension of the strategy to an individual corporate officer warrants outright dismissal under the federal venue statute, 28 U.S.C. § 1391, without even reaching the issue of transfer. The three potential statutory bases for venue are not even close to applicable here: Liveris does not reside in New York, no substantial part of the events at issue took place in New York, and this action can otherwise be brought in another district — the Eastern District of Michigan.

In the alternative, Liveris joins in Dow's motion to transfer the case pursuant to 28 U.S.C. § 1404(a). As set forth in Dow's motion, the action has no meaningful connection to this District. (*See* Dow's Mem. at 6-16.) Should the Court determine that venue is proper as to Liveris in the Southern District of New York, Liveris joins in Dow's motion to transfer pursuant to 28 U.S.C. § 1404(a).

---

[1] The facts and procedural history underlying all three actions are set forth in Dow's motion, and Liveris does not repeat this background information here.

**I.      THE COURT SHOULD DISMISS THE CASE OR TRANSFER IT TO THE EASTERN DISTRICT OF MICHIGAN BECAUSE THE SOUTHERN DISTRICT OF NEW YORK IS NOT A PROPER VENUE.**

This case should be transferred pursuant to 28 U.S.C. § 1406(a) because the Southern District of New York is not a proper venue for this action.

Reinhard alleges, without explanation, that venue is proper under 28 U.S.C. § 1391(a). (Compl. ¶ 13.) Yet, under § 1391(a) venue is only proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a).  Reinhard cannot meet any of these requirements.  All defendants do not reside in New York.  No "substantial part of the events or omissions giving rise to the claim" occurred in New York.  And, there is another district in which the action could — and should — have been brought:  the Eastern District of Michigan.  Therefore, the Southern District of New York is not a proper venue, and this case should be transferred or dismissed.

  **A.     Venue Is Not Proper Under 28 U.S.C. § 1391(a)(1) Because Not All Defendants Reside In The Southern District Of New York.**

In order for venue to be proper under 28 U.S.C. § 1391(a), the action must be brought in "a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(a).  Under § 1391(a), venue is proper only in a judicial district "within the state in which all defendants reside." *Dashman v. Peter Letterese & Assocs.*, 999 F. Supp. 553, 555 (S.D.N.Y. 1998).  For purposes of determining proper venue, the state of residence is the same as the state of domicile/citizenship.  *See, e.g.*, *Insight Data Corp. v. First Bank Systems, Inc.*, 1998

WL 146689, *3 (S.D.N.Y. 1998) ("For the purposes of § 1391(a)(1), a natural person 'resides' where he has his permanent residence or legal domicile."); *Shaw v. United States*, 422 F. Supp. 339, 340-341 (S.D.N.Y. 1976) ("The decisions in this district have consistently defined 'residence,' as used in the Judicial Code to refer to natural persons, as synonymous with 'domicile.'"); *see also Shaw v. Quincy Mining Co.*, 145 U.S. 444, 449 (1895). Venue is determined as of the date the action is filed. *See, e.g., Brandir Int'l, Inc. v. Cascade Pacific Lumber Co.*, 1988 WL 140821, at n.1 (S.D.N.Y. 1988).

Here, not all defendants reside in New York. As plaintiff alleges, Liveris is "a citizen of Australia and a lawful permanent resident of the United States, domiciled in Michigan." (Compl. ¶ 11.) Accordingly, not all defendants "reside in the same State," venue is improper, and the case should be dismissed.

Reinhard cannot establish venue by arguing that, because both defendants reside in Michigan, venue is somehow appropriate in New York because Dow is also deemed to reside there.[2] As courts have consistently held, § 1391(a)(1) "cannot be read … to mean that as long as all defendants reside in the same state, venue is proper in a district in some other state where any corporate defendant happens to be subject to personal jurisdiction. The language of § 1391(a)(1) contemplates venue in a judicial district within the state in which ***all defendants reside.***" *Dashman*, 999 F. Supp. at 555 (emphasis added); *see also Bell v. Classic Auto Group, Inc.*, 2005 WL 659196, at *4 (S.D.N.Y. 2005) ("Because Classic Auto Group does not reside in New York, all defendants do not reside in New York, and venue under section 1391(a)(1) or (b)(1) is not proper.") *Jorgens v. P&V, Inc.*, 2007 WL 840309, at *1 (E.D. Cal. 2007) ("[T]he whole point of

---

[2]  Dow resides in New York for venue purposes. *See* 28 U.S.C. § 1391(c).

§ 1391(a)(1) would, in fact, be utterly thwarted if it could be transformed from a statute providing that defendants could be sued in judicial districts reasonably near their homes to a statute permitting a clever plaintiff's counsel to drag defendants clear across the country when they have the misfortune to have a corporation as a codefendant.") (citation and quotations omitted).  Thus, because all defendants do not reside in New York, venue is not proper in this District under § 1391(a)(1).

> B. **Venue Is Not Proper Under 28 U.S.C. § 1391(a)(2) Because Both Defendants Reside In Michigan, And A Substantial Part Of The Events Or Omissions Giving Rise To The Claim Did Not Occur In The Southern District Of New York.**

Venue is proper under § 1391(a)(2) in "a judicial district in which a substantial portion of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated."  28 U.S.C. § 1391(a)(2).  As a threshold matter, § 1391(a)(2) can be utilized as a basis for venue only when all defendants do not reside in one state, thereby making § 1391(a)(1) unavailable:

> Viewed in the proper historical context, § 1391(a), like § 1391(b), provides that in a case in which all defendants reside in the same state, venue lies only in that state, and specifically, only in a district within that state in which one of the defendants resides.  *If, and only if, defendants do not all reside in the same state, then, and only then*, venue lies in a district in which a substantial part of the events or omissions giving rise to the claim occurred.  *See* 28 U.S.C. § 1391(a)(1) and (2).  Because both defendants reside in Florida, § 1391(a)(1) rather than § 1391(a)(2) applies to this action.

*Dashman*, 999 F. Supp. at 554 (emphasis added); *see also Welch Foods, Inc. v. Parker*, 1994 WL 665399, at *2 (W.D.N.Y. 1994) ("The defendants correctly argue that where subsection (b)(1) is applicable because all the defendants are, as here, from one state, a plaintiff cannot rely on subsection (b)(2) to establish venue in an alternative district.").  In the present action, because

there is a state — Michigan — in which all defendants reside, § 1391(a)(2) is unavailable as a basis of venue.

Even if § 1391(a)(2) could be considered as a basis for venue here, Reinhard in any event cannot establish venue under that subsection because "a substantial part of the events or omissions giving rise to the claim" did not occur in this District. The case is centered in Michigan. With respect to Reinhard's contract claim, Dow's deliberation and decision concerning the termination of Reinhard's employment, as well as Dow's entering into the various purported contracts and agreements that underlie that claim, all took place in Michigan. (*See* Reinhard Cplt. ¶¶ 24-27.) Dow's press release and Dow's and Liveris's subsequent statements regarding Reinhard's termination, which give rise to Reinhard's libel claim, were issued by Dow and Liveris in Michigan. (*See* Cplt. ¶¶ 28-34.)

Reinhard alleges only one specific connection between this District and his claims: that Dow's and Liveris's purportedly defamatory statements were circulated and disseminated in New York. Yet this connection — which also exists for multiple other states — does not amount to "a substantial part of the events or omissions giving rise to the claim" occurring in this District. As courts have held, the requirements of § 1391(a)(2) are not satisfied by the transmittal or publication of information in a particular district when the events at issue are centered elsewhere. *See, e.g., Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408, 434 (2d Cir. 2005) ("ABEM's transmittal into the Western District of New York of a half-dozen letters rejecting applications to sit for its certification examination outside New York constitutes only an insignificant and certainly not 'a substantial part of the events or omissions giving rise to the [plaintiff's antitrust] claims.' We conclude that these coincidental contacts are insufficient to afford venue in the Western District of New York pursuant to § 1391(b)(2).").

Similarly, Reinhard cannot establish venue on the basis that some of his alleged damages were incurred in this District.  *See, e.g., Abramaoff v. Shake Consulting, L.L.C.*, 288 F. Supp. 2d 1, 5 (D.D.C. 2003) ("[T]he fact that the plaintiff may feel damages in the District of Columbia does not create venue under section 1391(a)(2).").  Indeed, if venue lay in this District simply because purportedly defamatory statements were published here, venue seemingly would be proper in every district in the United States in which newspapers such as the Wall Street Journal are distributed.

      C.    **Venue Is Not Proper Under 28 U.S.C. § 1391(a)(3) Because There Is Another District In Which The Action Could Have Been Brought.**

Finally, the Southern District of New York is not an appropriate venue under § 1391(a)(3) because Reinhard could have brought this action in the Eastern District of Michigan.  Section 1391(a)(3) provides that a case may be brought in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*."  28 U.S.C. § 1391(a)(3) (emphasis added).  This action could have been otherwise been brought in the Eastern District of Michigan pursuant to § 1391(a) because both defendants reside in Michigan.  (Cplt. ¶¶ 10-11.)  Accordingly, the last-resort venue permitted under § 1391(a)(3) is unavailable here because of the existence of an alternative, viable forum.  *See Daniel*, 428 F.3d at 434 ("[V]enue may be based on [§ 1391(a)(3)] only if venue cannot be established in another district pursuant to any other venue provision"); *Jorgens*, 2007 WL 840309, at *3 (holding venue was not appropriate under § 1391(a)(3) "where there was another district in which the case could have been brought").  Because the Eastern District of Michigan is an appropriate venue, the suit cannot be maintained in the Southern District of New York pursuant to § 1391(a)(3).

D.  **Because The Southern District Of New York Is Not A Proper Venue, The Case Should Be Dismissed Or Transferred.**

Because the Southern District of New York is not a proper venue, the case should be dismissed or transferred.  § 1406(a) provides:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Dismissal or transfer under § 1406(a) is mandatory — the Court has no discretion to engage in the balancing analysis of § 1404(a).  *See Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980) ("[§] 1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction. This construction of [§] 1406(a) necessarily limits the application of [§] 1404(a) to the transfer of actions commenced in a district court where both personal jurisdiction and venue are proper.").  Thus, if venue is improper, this Court should either dismiss the case, or transfer it to a district in which the case should have been brought.  Here, venue is improper.  Accordingly, the Court should dismiss it or transfer it to the Eastern District of Michigan.

II.  **IN THE ALTERNATIVE, LIVERIS JOINS IN THE DOW CHEMICAL COMPANY'S MOTION TO TRANSFER PURSUANT TO § 1404(a).**

Because venue is improper in the Southern District of New York, the case should be dismissed or transferred — the Court has no discretion to retain jurisdiction over the case or to engage in the balancing analysis mandated by 28 U.S.C. § 1404(a).  *See Martin*, 623 F.2d at 474.  Should the Court rule that venue is proper in the Southern District of New York, however, the case should still be transferred pursuant to 28 U.S.C. § 1404(a).  *See Medicenters of Am., Inc. v. T & V Realty & Equip. Corp.*, 371 F.Supp. 1180, 1183 (D. Va. 1974) ("Assuming, on the one hand, that venue has been improperly laid in the Richmond Division, the Court concludes that it

would be appropriate to transfer the case to the Norfolk Division, pursuant to 28 U.S.C. § 1406(a). Assuming, on the other hand, that venue has been properly laid in the Richmond Division, the Court, nevertheless, concludes that, for the reasons hereinafter discussed, the convenience of the parties and witnesses makes the transfer of this case to Norfolk appropriate, under the provisions of 28 U.S.C. § 1404(a).") Liveris accordingly joins in the Dow Chemical Company's Motion to Transfer the case pursuant to § 1404(a).

## CONCLUSION

Liveris respectfully requests that this Court dismiss the case pursuant to Federal Rule of Civil Procedure (12)(b)(3) or transfer it to the Eastern District of Michigan, Northern Division, pursuant to 28 U.S.C. § 1406(a). In the alternative, Liveris joins in Dow's Motion to Transfer pursuant to 28 U.S.C. § 1404(a).

Dated: June 19, 2007                                 _____s/_____

                                          David M. Bernick, P.C.
                                        Peter D. Doyle (PD-1735)

                                        KIRKLAND & ELLIS LLP
                                        Citigroup Center
                                        153 East 53rd Street
                                        New York, New York  10022-4611
                                        Telephone:    (212) 446-4800
                                        Facsimile:    (212) 446-4900

                                        Attorneys for Defendants
                                        THE DOW CHEMICAL COMPANY and
                                        ANDREW N. LIVERIS