UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
J. PEDRO REINHARD,           :
                             :
                 Plaintiff,  :   07 Civ. 3641 (RPP)
                             :
       - against -           :
                             :   Reply to Counterclaims
THE DOW CHEMICAL COMPANY and :
ANDREW N. LIVERIS,           :
                             :
                 Defendants. :
                             :
------------------------------------------------------------- x

       Plaintiff – Counterclaim Defendant J. Pedro Reinhard, by his attorneys Kramer Levin Naftalis & Frankel LLP, for his reply to the counterclaims responds as follows:

       1.    Admits that Dow purports to base jurisdiction over the counterclaims on the cited statutes, and respectfully refers the Court to those statutes for their full and complete terms.

       2.    Admits the allegations of paragraph 2.

       3.    To the extent the allegations of paragraph 3 state a legal conclusion, Mr. Reinhard declines to answer because no responsive pleading is required. Mr. Reinhard otherwise denies the allegations of paragraph 3, except admits that at times Mr. Reinhard was involved in important decisions at Dow and had access to certain Dow information.

       4.    Denies the allegations of the first sentence of paragraph 4. Denies the allegations of the remainder of paragraph 4, except admits that Dow held a meeting of its Board of Directors to discuss corporate strategy in July 2006, which Mr. Reinhard attended.

KL3 2598775.3

5. Denies the allegations of paragraph 5, except admits that Dow management made several presentations to the Board during the July 2006 meeting, one of which suggested that Dow pursue the strategy described in paragraph 5, which Mr. Reinhard would not characterize as "new."

6. Admits the allegations in paragraph 6.

7. Denies the allegations of paragraph 7, except admits that Mr. Reinhard, as a director, was aware of Dow's strategy and received periodic updates on its implementation.

8. Denies the allegations of paragraph 8.

9. Denies the allegations of the first sentence of paragraph 9, and respectfully refers the Court to the press reports for their full and complete terms. Denies the allegations of the second sentence of paragraph 9. Denies the allegations in the third sentence of paragraph 9, except admits that Mr. Liveris at certain times made an effort to determine the source of rumors in the press.

10. Denies the allegations of paragraph 10, and respectfully refers the Court to the article for its full and complete terms.

11. Denies knowledge or information sufficient to form belief as to the truth of the allegations of the first sentence of paragraph 11. Denies the allegations of the second and third sentences of paragraph 11, except admits that Mr. Liveris at certain times made an effort to determine the source of rumors in the press. Denies the allegations of the fourth sentence of paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 12. Denies the allegations of the second sentence of paragraph 12, except admits that Mr. Reinhard attended the meeting.

13. Denies the allegations of paragraph 13, and respectfully refers the Court to the article for its full and complete terms.

14. Denies the allegations of paragraph 14, except admits that Mr. Liveris at certain times made an effort to determine the source of rumors in the press.

15. Denies the allegations of paragraph 15, and respectfully refers the Court to the article for its full and complete terms.

16. Denies the allegations of paragraph 16, except admits that Mr. Liveris at certain times made an effort to determine the source of rumors in the press.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Denies the allegations of paragraph 18.

19. Denies the allegations of paragraph 19.

20. Denies the allegations of paragraph 20, and respectfully refers the Court to the article for its full and complete terms.

21. Denies the allegations of paragraph 21, except admits that Mr. Liveris at certain times made an effort to determine the source of rumors in the press.

KL3 2598775.3

22. Denies the allegations of paragraph 22, except admits on information and belief that Mr. Liveris had discussions with a certain person or persons from a major financial institution concerning potential transactions.

23. Denies the allegations of the first sentence of paragraph 23, and respectfully refers the Court to the press release for its full and complete terms. Admits the allegations of the second sentence of paragraph 23 that Mr. Reinhard did not come forward, but denies that he had played any role in a buyout plan.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of paragraph 23, except admits on information and belief that Mr. Liveris met with the Bank's CEO and discussed certain potential transactions. Denies the allegations of the fourth sentence of paragraph 24.

25. Denies the allegations of paragraph 25.

26. Denies the allegations of paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 27. Denies knowledge or information sufficient to a belief as to the truth of the allegations of the second sentence of paragraph 27, except admits that the Dow Board of Directors had a meeting scheduled for April 11. Admits the allegations of the third sentence of paragraph 27. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, except that admits that Messrs. Kalil, Stern, Allemang and Lipton attended the meeting.

29. Denies the allegations of paragraph 29, except admits that the group met with Mr. Reinhard at approximately 7 a.m. on April 12, and that Mr. Reinhard denied the allegations.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 30. Denies the allegations of the second sentence of paragraph 30.

31. Denies knowledge or information sufficient to form as belief as to the truth of the allegations of paragraph 31.

32. Denies the allegations of paragraph 32, except admits that Mr. Reinhard was terminated.

33. Denies the allegations of paragraph 33.

34. Denies the allegations of the first four sentences of paragraph 34, except admits that Mr. Reinhard received awards under the referenced plans as compensation, for service, and/or for his performance at Dow. Denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 34, expect admits that the value of the awards Mr. Reinhard received was substantial.

35. Denies the allegations of paragraph 35, and respectfully refers the Court to the plan for its full and complete terms.

36. Denies the allegations of paragraph 36, and respectfully refers the Court to the plan and the equity awards for their full and complete terms.

37. Denies the allegations of paragraph 37, and respectfully refers the Court to the agreements for their full and complete terms.

38. Denies the allegations of paragraph 38, and respectfully refers the Court to the agreements for their full and complete terms.

39. Denies the allegations of paragraph 39, and respectfully refers the Court to the agreements for their full and complete terms.

40. Denies the allegations of paragraph 40, and respectfully refers the Court to the plan for its full and complete terms.

41. Denies the allegations of paragraph 41, and respectfully refers the Court to the plan and the equity awards for their full and complete terms.

42. Denies the allegation of paragraph 42 that Mr. Reinhard engaged in misconduct. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42.

43. Denies the allegations of paragraph 43.

44. Admits the allegations of the first sentence of paragraph 44. Denies the allegations of the second and third sentences of paragraph 44, and respectfully refers the Court to

the KEIP for its full and complete terms. Denies the allegations of the fourth sentence of paragraph 44.

45. Denies the allegations of the first sentence of paragraph 45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 45. Denies the allegations of the third sentence of paragraph 45, and respectfully refers the Court to the cited provisions of ERISA for their full and complete terms. Denies the allegations of the fourth sentence of paragraph 45, except admits that Dow has not provided Mr. Reinhard with notice of his COBRA rights.

<u>Answering Dow's First Count</u>:

46. With respect to the allegations of paragraph 46, repeats the responses contained in paragraphs 1 through 45 above.

47. To the extent the allegations in paragraph 47 state a legal conclusion, Mr. Reinhard declines to answer because no responsive pleading is required. Mr. Reinhard otherwise denies the allegations of paragraph 47.

48. Denies the allegations of paragraph 48.

49. Denies the allegations of paragraph 49.

<u>Answering Dow's Second Count</u>:

50. With respect to the allegations of paragraph 50, repeats the responses contained in paragraphs 1 through 49 above.

51. Admits the allegations of paragraph 51.

KL3 2598775.3

52. Denies the allegations of paragraph 52, and respectfully refers the Court to the agreements for their full and complete terms.

53. Denies the allegations of paragraph 53, and respectfully refers the Court to the agreements for their full and complete terms.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55. Denies the allegations of paragraph 55.

56. Denies the allegations of paragraph 56, and respectfully refers the Court to the agreements for their full and complete terms.

57. Denies the allegations of paragraph 57.

58. Denies the allegations of paragraph 58, and respectfully refers the Court to the agreements to their full and complete terms.

59. Denies the allegations of paragraph 59.

60. Denies the allegations of paragraph 60.

<u>Answering Dow's Third Count</u>:

61. With respect to the allegations of paragraph 61, repeats the responses contained in paragraphs 1 through 60 above.

62. Denies the allegations of paragraph 62, except admits that Dow purports to seek a declaratory judgment under the cited statute.

63. Denies the allegations of paragraph 63.

64. Denies the allegations of paragraph 64, except admits that Mr. Reinhard denies engaging in harmful conduct and that Dow purports to seek declaratory relief.

65. Denies the allegations of paragraph 65, except admits that Dow purports to seek declaratory relief.

<u>Answering Dow's Fourth Count</u>:

66. With respect to the allegations of paragraph 66, repeats the responses contained in paragraphs 1 through 65 above.

67. Denies the allegations of paragraph 67, except admits that Dow purports to seek a declaratory judgment under the cited statute.

68. Denies the allegations in the first sentence of paragraph 68, except admits that Dow purports to seek declaratory relief. Denies the allegations of the second sentence of paragraph 68, and respectfully refers the Court to the plan and the equity awards for their full and complete terms. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 68.

69. Denies the allegations of the first sentence of paragraph 69, and respectfully refers the Court to the equity awards for their full and complete terms. Denies knowledge or information sufficient to form a belief as of the truth of the allegations of the second sentence of paragraph 69. Denies the allegations of the third sentence of paragraph 69.

70. Denies the allegations of paragraph 70, except admits that Mr. Reinhard denies engaging in harmful conduct and that Dow purports to seek declaratory relief.

KL3 2598775.3

### Answering Dow's Fifth Count:

71. With respect to the allegations of paragraph 71, repeats the responses contained in paragraphs 1 through 70 above.

72. Denies the allegations of paragraph 72, except admits that Dow purports to seek a declaratory judgment pursuant to the cited statute.

73. Denies the allegations of paragraph 73, except admits that Dow purports to seek declaratory relief.

74. Denies the allegations of paragraph 74, except admits that Dow purports to seek declaratory relief.

75. Denies the allegations of paragraph 75, except admits that Dow purports to seek declaratory relief.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76, except admits that the value of pension and other benefits owed to Mr. Reinhard are substantial.

### First Affirmative Defense

77. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

78. Mr. Reinhard affirmatively raises (and reserves) all applicable equitable defenses, including, but not limited to, the doctrines of laches, waiver, unclean hands, and estoppel.

KL3 2598775.3

### Third Affirmative Defense

79. Mr. Reinhard's obligations under any contracts with Dow were and are excused due to Dow's prior material breach of those agreements.

### Fourth Affirmative Defense

80. The conduct and activities that Dow challenges are lawful and appropriate as a matter of law.

### Fifth Affirmative Defense

81. Dow has not suffered any damages.

### Sixth Affirmative Defense

82. Dow's claims are barred in whole or in part by the failure to mitigate any alleged damages.

### Seventh Affirmative Defense

83. Dow has failed to provide adequate notice of or exhaust the claims procedure provided for under ERISA and relevant plans and agreements prior to bringing to court its claims relating to Mr. Reinhard's benefits, pension, and COBRA rights.

### Eighth Affirmative Defense

84. Mr. Reinhard has not proximately caused Dow any injury.

### Ninth Affirmative Defense

85. Dow has failed to state with particularity the circumstances allegedly constituting fraud, as required by Fed. R. Civ. P. 9.

KL3 2598775.3

Tenth Affirmative Defense

86. Mr. Reinhard presently has insufficient knowledge or information upon which to form a belief as to the availability of additional, but as yet unalleged, affirmative defenses. Therefore, Mr. Reinhard reserves the right to assert additional affirmative defenses.

Dated:   New York, New York
         June 21, 2007

                              Kramer Levin Naftalis & Frankel LLP

                              By:   s/ Gary P. Naftalis
                                   Gary P. Naftalis (GN-5489)
                                   Jonathan M. Wagner (JW-7197)
                                   Darren A. LaVerne (DL-9502)

                                1177 Avenue of the Americas
                                New York, NY 10036-2714
                                (212) 715-9100

                                Attorneys for Plaintiff J. Pedro Reinhard

To:   Kirkland & Ellis LLP

      Citigroup Center
      153 East 53rd Street
      New York, NY 10022-4611
      (212) 446-4800

      Attorneys for Defendant The Dow Chemical Company

KL3 2598775.3