UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
J. PEDRO REINHARD,

                                        Plaintiff,     07 CV 3641 (RPP)

                - against -               Declaration of J. Pedro Reinhard

THE DOW CHEMICAL COMPANY and
ANDREW N. LIVERIS,

                                    Defendants.
---------------------------------------------------------------- x

I, J. Pedro Reinhard, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the plaintiff in the above-captioned action.

2. I spent thirty-seven years as an active executive at The Dow Chemical Company ("Dow" or "the Company"), serving in a variety of positions of increasing responsibility. In 1995, I was appointed Chief Financial Officer. That same year, I was also elected to Dow's Board. In 1996, I was appointed to the additional position of Executive Vice President, a position I held until I retired from executive management in late 2005.

3. On April 12, 2007, after summoning me to his office, Dow Chairman and CEO Andrew Liveris falsely accused me of violating my fiduciary duties to Dow by being involved in a secret plan to take over the Company. He asked that I quietly resign, and offered to pay to me all my vested and unvested compensation and benefits, worth tens of millions of dollars, if I did so. I told Mr. Liveris and the other Dow officers and directors assembled with him that I refused to resign because I had done nothing wrong.

4. Prior to filing its lawsuit in Michigan on May 8, 2007, Dow did not advise me that it believed I had violated any contractual provisions relating to equity awards that I

KL3 2602268.1

earned during my final three years with the Company, or that it believed I was obligated to return the value of those awards.

5. The Eastern District of Michigan (in Bay City, about ninety miles north of Detroit) would be a substantially more inconvenient forum for me to litigate the above-captioned action than would the Southern District of New York.

6. I have not lived in Michigan since 2005, when I moved permanently to Florida, having retired from executive management at Dow. I presently have no routine plans or reasons to travel to Michigan, having been terminated from Dow and removed from the Company's Board of Directors.

7. By contrast, I travel to New York at least once a month to attend board meetings at the Colgate-Palmolive Company and to transact other business. My business activities for the most part are conducted in New York.

8. Transferring the above-captioned action to the Eastern District of Michigan would require me to pay New York – based trial counsel to travel there, as well as to pay local counsel in Michigan to assist in litigating the case. This would further strain my financial resources.

9. Since terminating me on April 12, 2007, Dow has denied me access to my email, calendar, and other work-related material. Dow has also cut off my compensation, benefits, and health insurance.

10. As a direct and proximate result of the conduct described in this opposition and my complaint (*see* Naftalis decl., Exh. A), I have suffered financial loss and damage to my unblemished professional reputation as an ethical businessman and director – particularly in New York, the media and financial center of the United States, where the defendants' false statements were extensively circulated.

KL3 2602268.1

- 3 -

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:   New York, New York
               July 6, 2007

                                                                         */s/ J. Pedro Reinhard*
                                                                         J. Pedro Reinhard

KL3 2602268.1