# EXHIBIT H

EFiled: Jun 6 2007 4:31PM EDT
Transaction ID 15133689
Case No. 3003

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| J. PEDRO REINHARD AND ROMEO KREINBERG, <br> Plaintiffs, <br><br> v. <br><br> THE DOW CHEMICAL COMPANY, a Delaware Corporation, <br><br> Defendant. | ) ) ) ) ) ) Civil Action No._____ ) ) ) ) ) ) |

## COMPLAINT PURSUANT TO 8 *DEL. C.* § 145

Plaintiffs J. Pedro Reinhard and Romeo Kreinberg, by and through their undersigned counsel, hereby bring this summary proceeding pursuant to 8 *Del. C.* § 145 against defendant The Dow Chemical Company ("Dow") to compel the advancement of attorneys' fees and costs that have been and will be incurred by Plaintiffs in defense of an action pending in the United States District Court for the Eastern District of Michigan and an ongoing informal investigation initiated by the United States Securities and Exchange Commission ("SEC"). In addition, Mr. Reinhard seeks advancement of attorneys' fees and costs that he has incurred and will continue to incur in defense of counterclaims asserted against him by Dow in an action pending in the United States District Court for the Southern District of New York. In support of their claims, Plaintiffs allege as follows:

1.  Defendant Dow is a corporation organized under the laws of the State of Delaware. Dow's registered agent in Delaware is the Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

2. Plaintiff J. Pedro Reinhard is a citizen of Brazil, a lawful, permanent resident of the United States, and lives in Florida. Over a thirty-seven year career with Dow, Mr. Reinhard rose through the ranks to become its Chief Financial Officer and a member of its Board of Directors. During his career with Dow, Mr. Reinhard held the following positions in addition to his service as its Chief Financial Officer: Finance Director of Dow Brazil, Finance Director of Dow Europe, President of Dow's operations in Italy, and Corporate Treasurer. Mr. Reinhard retired from active management of Dow in 2005 at the age of sixty.

3. Plaintiff Romeo Kreinberg is a permanent U.S. resident who resides in Michigan, Florida, and Switzerland. Mr. Kreinberg joined Dow in 1977 as a sales representative. During his career with Dow, Mr. Kreinberg rose to serve as Executive Vice President of Dow's performance plastics and chemical business portfolio. During his rise to that position, Mr. Kreinberg held, among others, the following positions with Dow: General Manager of Dow Italy and Vice President of Dow Europe, Global Vice President for polyethylene, and Senior Vice President for the plastics business portfolio.

4. On April 12, 2007, Dow falsely accused both Mr. Reinhard and Mr. Kreinberg of breaching their fiduciary duties as officers and directors of Dow by engaging in a conspiracy with certain banks and foreign governments to orchestrate a sale of Dow. Despite Plaintiffs' insistence that they had not engaged in such misconduct, their decades-long employment with Dow was terminated on that same day.

5. On May 8, 2007, Dow filed an action in the United States District Court for the Eastern District of Michigan: *The Dow Chemical Co. v. Reinhard, et al.*, Case No. 07-12012 (the "Michigan Action"). In the Michigan Action, Dow has sued Messrs Reinhard and Kreinberg, in their capacities as officers and directors of Dow, for, among other things, breach of fiduciary

duty and breach of contract. In the litigation, Dow seeks to "claw back" certain compensation received by Messrs. Reinhard and Kreinberg while employed by Dow.

6. On May 29, 2007, Dow asserted counterclaims against Mr. Reinhard in an action filed by Mr. Reinhard in the United States District Court for the Southern District of New York: *Reinhard v. The Dow Chemical Company, et al.*, Case No. 07-CV-3641 (RPP) ("the New York Counterclaims"). Dow asserts essentially the same allegations and seeks the same relief against Mr. Reinhard in the New York Counterclaims as it does in the Michigan Action.

7. Further, as Dow is aware, the SEC is presently conducting an informal inquiry which, on information and belief, is based on an effort to obtain information related to Dow's baseless allegations against Plaintiffs (the "Inquiry").

8. Pursuant to the authority granted under 8 *Del. C.* § 145, Dow's current by-laws provide Plaintiffs with a mandatory right to the advancement of the expenses (including attorneys' fees and disbursements) that they have and will incur in defense of the Michigan Action, the Inquiry, and, in the case of Mr. Reinhard, the New York Counterclaims. Specifically, Section 6.3 provides:

> **Expenses Payable in Advance.** Expenses (including attorneys' fees) incurred by any person who is or was a Director or officer of the Company, or any person who is or was serving at the request of the Company as a director, trustee, member, member representative or officer of another corporation, partnership, limited liability company, joint venture, trust or other enterprise, in defending or investigating a threatened or pending action, suit or proceeding, whether civil, criminal, administrative or investigative, shall be paid by the Company to the fullest extent permitted by Delaware law in advance of the final disposition of such action, suit or proceeding, upon receipt of an undertaking by or on behalf of such person to repay such amount if it ultimately shall be determined that such person is not entitled to be indemnified by the Company as authorized in this Section VI. Such expenses incurred by any person who is or was an employee or agent of the Company, or any person who is or was serving at the request of the Company as an employee or agent of another corporation, partnership, limited liability company,

3

joint venture, trust or enterprise may be so paid upon such terms and conditions, if any, as the Board of Directors deems appropriate.

Moreover, Section 6.4 of Dow's by-laws provide:

> **Judicial Determination of Mandatory Indemnification or Mandatory Advancement of Expenses.** Any person may apply to any court of competent jurisdiction in the State of Delaware to order indemnification or advancement of expenses to the extent mandated under Sections 6.1 or 6.3 above. The basis for such an order of indemnification or advancement of expenses by a court shall be a determination by such court that indemnification of, or advancement of expenses to, such person is proper in the circumstances. Notice of any application for indemnification or advancement of expenses pursuant to this Section 6.4 shall be given to the Company promptly upon filing such application. The burden of proving that such a person is not entitled to such mandatory indemnification or mandatory advancement of expenses, or that the Company is entitled to recover the mandatory advancement of expenses pursuant to the terms of an undertaking, shall be on the Company. If successful in whole or in part in obtaining an order for mandatory indemnification or mandatory advancement of expenses, or in a suit brought by the Company to recover an advancement of expenses pursuant to the terms of an undertaking, such person shall be entitled to be paid all costs (including attorneys' fees and expenses) in connection therewith.

A copy of the current Dow by-laws is attached hereto as Exhibit A.

9. On April 17, 2007, pursuant to the above by-law provisions, Mr. Kreinberg (through counsel) demanded advancement of counsel fees and expenses relating to his defense of the Inquiry. (Exhibit B hereto). This demand was restated in a letter from Mr. Kreinberg's counsel dated April 27, 2007. (Exhibit C hereto). On May 1, 2007, Dow (though counsel) responded to the demand for advancement by asking for additional information relating to the Inquiry. (Exhibit D hereto). On May 8, 2007, Mr. Kreinberg demanded that the Company pay his fees and expenses in defense of the Michigan Action. (Exhibit E hereto). Pursuant to the Company's request, on May 18, 2007, counsel to Mr. Kreinberg provided Dow's counsel with information demonstrating his entitlement to advancement under Dow's by-laws and Delaware law. (Exhibit F hereto). On May 24, 2007, counsel for Mr. Kreinberg received a voicemail from

4

counsel to Dow stating that Dow will memorialize an agreement to advance fees "in connection with the defense of the Michigan litigation" subject to certain undefined conditions. By communications dated May 25, 2007 and May 30, 2007, counsel to Mr. Kreinberg contacted counsel to Dow to inquire as to the status of Dow's position given that it had not received any writing confirming Dow's agreement to advance Mr. Kreinberg's fees.

10.  On June 1, 2007, counsel to Mr. Kreinberg forwarded to counsel to Dow Mr. Kreinberg's signed undertaking. To date, the Company still has not confirmed that it will comply with its obligations to advance Mr. Kreinberg's fees and expenses for the Inquiry and the Michigan Action.

11.  On May 1, 2007, Mr. Reinhard (through counsel) demanded that Dow advance to him the expenses (including attorneys' fees) that he is incurring in defending the Inquiry. (Exhibit G hereto). That same day, Dow responded to the demand for advancement by asking for additional information relating to the Inquiry. (Exhibit H hereto). On May 11, 2007, Mr. Reinhard demanded that Dow advance to him, pursuant to Dow's by-laws, the expenses (including attorneys' fees) he is incurring in his defense of the baseless claims in the Michigan action. (Exhibit I hereto). On May 21, 2007, Mr. Reinhard (again through counsel) reiterated his demand for advancement of his expenses (including attorneys' fees) for both the Inquiry and the Michigan Action. (Exhibit J hereto).

12.  On June 1, 2007, counsel for Mr. Reinhard forwarded to the Company a signed Undertaking to repay the amounts advanced should it later be determined that he is not eligible for indemnification. (Exhibit K hereto). To date, the Company still has not indicated that it will comply with its obligations to advance Mr. Reinhard's fees and expenses for the Inquiry, the Michigan Action, and the New York Counterclaims.

13. Dow continues to refuse to honor its obligations to its directors and officers by refusing to abide by the mandatory advancement provision in its by-laws.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order in their favor and against Dow:

    a. declaring the Dow is obligated under Section 6.3 of Dow's by-laws to advance all expenses incurred by Plaintiffs in defense of the Inquiry, the Michigan Action, and, in the case of Mr. Reinhard, the New York Counterclaims;

    b. awarding Plaintiffs their expenses (including attorneys' fees and costs) incurred in this action; and

    c. granting such other and further relief as is justified by the circumstances.

ASHBY & GEDDES

/s/ Richard L. Renck (#3893)

Philip Trainer, Jr. (# 2788)
Richard L. Renck (#3893)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiffs*

KRAMER LEVIN NAFTALIS
& FRANKEL LLP
Gary P. Naftalis
Jonathan M. Wagner
1177 Avenue of the Americas
New York, NY 10036-2714
(212) 715-9100

*Attorneys for Plaintiff J. Pedro Reinhard*

and

ARKIN KAPLAN RICE LLP
Stanley S. Arkin
Lisa C. Solbakken
Barrett Prinz
590 Madison Avenue
New York, New York
(212) 333-0200

*Attorneys for Plaintiff Romeo Kreinberg*

Dated: June 6, 2007

180849.1

VERIFICATION

STATE OF __TEXAS__ )
                         ) SS.:
COUNTY OF __HARRIS__ )

__JOAO PEDRO REINHARD__, being first duly sworn, hereby states that the contents of the above Complaint are true and correct, to the best of my knowledge, information and belief.

_/s/ J. P. Reinhard_

SUBSCRIBED AND SWORN TO before me this __6th__ day of June, 2007.

Witness my hand and official seal.

My Commission Expires: __10/31/2007__

_/s/_
Notary Public

181264.1

J.G. GREEN
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
OCT. 31, 2007

# VERIFICATION

STATE OF __NY__ )
                    ) SS.
COUNTY OF __NY__ )

__ROMEO KREINBERG__, as _____ of _____,

being first duly sworn, hereby states that the contents of the above Complaint are true and correct, to the best of my knowledge, information and belief.

_[signature]_

SUBSCRIBED AND SWORN TO before me this __10th__ day of June, 2007.

Witness my hand and official seal.

My Commission Expires: _____

_[signature]_
Notary Public

181264.1

ELIZABETH ANN FITZWATER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02FI6089782
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MARCH 31, 2009