# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THE DOW CHEMICAL COMPANY,

        Plaintiff

    v.

J. PEDRO REINHARD and
ROMEO KREINBERG,

        Defendants.

_____/

Case No. 07-12012-BC
Judge Thomas I. Ludington
Magistrate Judge Charles Binder

<u>ANSWER TO AMENDED
COMPLAINT</u>

       Defendant J. Pedro Reinhard, by his attorneys, for his answer to the Amended Complaint,
responds as follows:

       1.    Denies the allegations of paragraph 1 insofar as they concern Mr. Reinhard,
except admits that Mr. Reinhard, during the course of his thirty-seven-year career with The Dow
Chemical Company ("Dow"), held various senior executive positions; admits that Andrew
Liveris, Dow's President, Chairman, and CEO, at certain times made an effort to determine the
source of certain rumors in the press; and denies knowledge or information sufficient to form a
belief as to the truth of the remaining allegations of paragraph 1.

       2.    Denies the allegations of paragraph 2, except admits that Dow purports to bring
this action for breach of fiduciary duty, breach of contract, and declaratory judgment.

       3.    Admits the allegations of the first two sentences of paragraph 3.  Denies
knowledge or information sufficient to form a belief as to the truth of the allegations of the third
sentence.  Admits the allegations of the fourth sentence of paragraph 3.

4.    Admits the allegations of paragraph 4, except denies the allegations of the second sentence insofar as they imply that Mr. Reinhard is a United States citizen.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.    To the extent the allegations of paragraph 6 state a legal conclusion, Mr. Reinhard declines to answer because no responsive pleading is required. Admits that Dow purports to base jurisdiction on the cited statute, and respectfully refers the Court to the statute for its full and complete terms. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

7.    To the extent the allegations of paragraph 7 state a legal conclusion, Mr. Reinhard declines to answer because no responsive pleading is required. Admits that Dow purports to base jurisdiction on the cited statutes, and respectfully refers the Court to those statutes for their full and complete terms. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 8. Denies the remaining allegations of paragraph 8.

9.    Admits that Dow purports to base venue in this district upon the cited statutes, and respectfully refers the Court to those statutes for their full and complete terms. Otherwise denies the allegations of paragraph 9.

10.    Admits the allegations of paragraph 10.

2

11.    To the extent the allegations of paragraph 11 state a legal conclusion, Mr. Reinhard declines to answer because no responsive pleading is required. Denies the remaining allegations of paragraph 11, except admits that at times Mr. Reinhard was involved in important decisions at Dow and had access to certain Dow information.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.    Denies knowledge or information to form a belief as to the truth of the allegations of paragraph 13.

14.    Denies the allegations of the first sentence of paragraph 14. Denies the allegations of the remainder of paragraph 14 insofar as they concern Mr. Reinhard, except admits that Dow held a meeting of its Board of Directors to discuss corporate strategy in July 2006, which Mr. Reinhard attended. Denies knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 14.

15.    Denies the allegations of paragraph 15, except admits that Dow management made several presentations to the Board during the July 2006 meeting, one of which suggested that Dow pursue the strategy described in paragraph 15, which Mr. Reinhard would not characterize as "new."

16.    Admits the allegations of paragraph 16.

17.    Denies the allegations of paragraph 17 insofar as they concern Mr. Reinhard, except admits that Mr. Reinhard, as a director, was aware of Dow's strategy and received

3

periodic updates on its implementation. Denies knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 17.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.    Denies the allegations of paragraph 19, except admits that Mr. Reinhard, as a director, was aware of Dow's strategy and received periodic updates on its implementation.

20.    Denies the allegations of paragraph 20.

21.    Denies the allegations of the first sentence of paragraph 21, and respectfully refers the Court to the press reports for their full and complete terms. Denies the allegations of the second sentence of paragraph 21. Denies the allegations of the third sentence of paragraph 21, except admits that Mr. Liveris at certain times made an effort to determine the source of rumors in the press.

22.    Denies the allegations of paragraph 22, and respectfully refers the Court to the article for its full and complete terms.

23.    Denies knowledge or information sufficient to form belief as to the truth of the allegations of the first sentence of paragraph 23. Denies the allegations of the second and third sentences of paragraph 23, except admits that Mr. Liveris at certain times made an effort to determine the source of rumors in the press. Denies the allegations of the fourth sentence of paragraph 23 insofar as they concern Mr. Reinhard, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of that sentence.

4

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 24. Denies the allegations of the second sentence of paragraph 24 insofar as they concern Mr. Reinhard, except admits that Mr. Reinhard attended the meeting. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24.

25.    Denies the allegations of paragraph 25, and respectfully refers the Court to the article for its full and complete terms.

26.    Denies the allegations of the first two sentences of paragraph 26, except admits that Mr. Liveris at certain times made an effort to determine the source of rumors in the press. Denies the remaining allegations of paragraph 26 insofar as they concern Mr. Reinhard, and otherwise denies knowledge or information sufficient to for a belief as to the truth of those allegations.

27.    Denies the allegations of paragraph 27, and respectfully refers the Court to the article for its full and complete terms.

28.    Denies the allegations of the first two sentences of paragraph 28, except àdmits that Mr. Liveris at certain times made an effort to determine the source of rumors in the press. Denies the remaining allegations of paragraph 28 insofar as they concern Mr. Reinhard, and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

KL3 2600143.1

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.    Denies the allegations of paragraph 32.

33.    Denies the allegations of paragraph 33 and respectfully refers the Court to the article for its full and complete terms.

34.    Denies the allegations of the first sentence of paragraph 34, except admits that Mr. Liveris at certain times made an effort to determine the source of rumors in the press. Denies the remaining allegations of paragraph 34 insofar as they concern Mr. Reinhard, and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

35.    Denies the allegations of paragraph 35, except admits on information and belief that Mr. Liveris had discussions with a certain person or persons from a major financial institution concerning potential transactions.

36.    Denies the allegations of the first sentence of paragraph 36, and respectfully refers the Court to the press release for its full and complete terms. Admits the allegations of the second sentence of paragraph 36 that Mr. Reinhard did not come forward, but denies that he had played any role in a buyout plan. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36.

6

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of paragraph 37, except admits on information and belief that Mr. Liveris met with the Bank's CEO and discussed certain potential transactions. Denies the allegations of the fourth sentence of paragraph 37.

38.    Denies the allegations of paragraph 38.

39.    Denies the allegations of paragraph 39.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 40, except admits that the Dow Board of Directors had a meeting scheduled for April 11. Admits the allegations of the third sentence of paragraph 40. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, except that admits that Messrs. Kalil, Stern, Allemang and Lipton attended the meeting with Mr. Reinhard.

42.    Denies the allegations of paragraph 42 insofar as they concern Mr. Reinhard, except admits that the group met with Mr. Reinhard at approximately 7 a.m. on April 12, and that Mr. Reinhard denied the allegations. Denies knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 42.

KL3 2600143.1

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 43. Denies the allegations of the second sentence of paragraph 43.

44.    Denies knowledge or information sufficient to form as belief as to the truth of the allegations of paragraph 44.

45.    Denies the allegations of paragraph 45 insofar as they concern Mr. Reinhard, except admits that Mr. Reinhard was terminated. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45.

46.    Denies the allegations of paragraph 46 insofar as they concern Mr. Reinhard. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46.

47.    Denies the allegations of the first four sentences of paragraph 47 insofar as they concern Mr. Reinhard, except admits that Mr. Reinhard received awards under the referenced plans as compensation, for service, and/or for his performance at Dow. Denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 47, except admits that the value of the awards Mr. Reinhard received was substantial.

48.    Denies the allegations of paragraph 48, and respectfully refers the Court to the plan for its full and complete terms.

49.    Denies the allegations of paragraph 49, and respectfully refers the Court to the plan and the equity awards for their full and complete terms.

8

KL3 2600143.1

50.     Denies the allegations of paragraph 50, and respectfully refers the Court to the agreements for their full and complete terms.

51.     Denies the allegations of paragraph 51, and respectfully refers the Court to the agreements for their full and complete terms.

52.     Denies the allegations of paragraph 52, and respectfully refers the Court to the agreements for their full and complete terms.

53.     Denies the allegations of paragraph 53, and respectfully refers the Court to the plan for its full and complete terms.

54.     Denies the allegations of paragraph 54, and respectfully refers the Court to the plan and the equity awards for their full and complete terms.

55.     Denies the allegation of paragraph 55 that Mr. Reinhard engaged in misconduct. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 55.

56.     Denies the allegations of paragraph 56 insofar as they concern Mr. Reinhard. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56.

57.     Admits the allegations of the first sentence of paragraph 57. Denies the allegations of the second and third sentences of paragraph 57, and respectfully refers the Court to the KEIP for its full and complete terms. Denies the allegations of the fourth sentence of paragraph 44.

9

58.    Denies the allegations of the first sentence of paragraph 58 insofar as they concern Mr. Reinhard. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 58. Denies the allegations of the third sentence of paragraph 58, and respectfully refers the Court to the cited provisions of ERISA for their full and complete terms. Denies the allegations of the fourth sentence of paragraph 58 insofar as they concern Mr. Reinhard, except admits that Dow has not provided Mr. Reinhard with notice of his COBRA rights. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 58.

<u>Answering Dow's First Count</u>:

59.    With respect to the allegations of paragraph 59, repeats the responses contained in paragraphs 1 through 58 above.

60.    To the extent the allegations in paragraph 60 state a legal conclusion, Mr. Reinhard declines to answer because no responsive pleading is required. Denies the remaining allegations of paragraph 60.

61.    To the extent the allegations in paragraph 61 state a legal conclusion, Mr. Reinhard declines to answer because no responsive pleading is required. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 61.

62.    Denies the allegations of paragraph 62 insofar as they concern Mr. Reinhard and insofar as they allege the rumors were doing great damage to Dow and were highly disruptive. Denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 62.

10

63.     Denies the allegation of paragraph 63 insofar as they concern Mr. Reinhard. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 63.

### Answering Dow's Second Count:

64.     With respect to the allegations of paragraph 64, repeats the responses contained in paragraphs 1 through 63 above.

65.     Admits the allegations of paragraph 65 insofar as they concern Mr. Reinhard. Denies knowledge or information sufficient to form a belief as to the truth of remaining allegations of paragraph 65.

66.     To the extent the allegations of paragraph 66 state a legal conclusion, Mr. Reinhard declines to answer because no responsive pleading is required.  Otherwise denies the allegations of paragraph 66, and respectfully refers the Court to the agreements for their full and complete terms.

67.     Denies the allegations of paragraph 67, and respectfully refers the Court to the agreements for their full and complete terms.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69.     Denies the allegations of paragraph 69 insofar as they concern Mr. Reinhard. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 69.

11

70.    Denies the allegations of paragraph 70, and respectfully refers the Court to the agreements for their full and complete terms.

71.    Denies the allegations of paragraph 71 insofar as they concern Mr. Reinhard. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71.

72.    Denies the allegations of paragraph 72, and respectfully refers the Court to the agreements to their full and complete terms.

73.    Denies the allegations of paragraph 73 insofar as they concern Mr. Reinhard. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 73.

74.    Denies the allegations of paragraph 74 insofar as they concern Mr. Reinhard. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74.

### Answering Dow's Third Count:

75.    With respect to the allegations of paragraph 75, repeats the responses contained in paragraphs 1 through 74 above.

76.    Denies the allegations of paragraph 76, except admits that Dow purports to seek a declaratory judgment under the cited statute.

77.    Denies the allegations of paragraph 77 insofar as they concern Mr. Reinhard. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 77.

12

KL3 2600143.1

78.    Denies the allegations of paragraph 78 insofar as they concern Mr. Reinhard, except admits that Mr. Reinhard denies engaging in harmful conduct and that Dow purports to seek declaratory relief. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 78.

79.    Denies the allegations of paragraph 79 insofar as they concern Mr. Reinhard. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 79.

<u>Answering Dow's Fourth Count</u>:

80.    With respect to the allegations of paragraph 80, repeats the responses contained in paragraphs 1 through 79 above.

81.    Denies the allegations of paragraph 81, except admits that Dow purports to seek a declaratory judgment under the cited statute.

82.    Denies the allegations in the first sentence of paragraph 82 insofar as they concern Mr. Reinhard, except admits that Dow purports to seek declaratory relief. Denies the allegations of the second sentence of paragraph 82, and respectfully refers the Court to the plan and the equity awards for their full and complete terms. Denies the allegations of the third sentence insofar as they concern Mr. Reinhard. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 82.

83.    Denies the allegations of the first sentence of paragraph 83, and respectfully refers the Court to the equity awards for their full and complete terms. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of

13

paragraph 83. Denies the allegations of the third sentence of paragraph 83 insofar as they concern Mr. Reinhard, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that sentence.

84.    Denies the allegations of paragraph 84 insofar as they concern Mr. Reinhard, except admits that Mr. Reinhard denies engaging in harmful conduct and that Dow purports to seek declaratory relief. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 84.

<u>Answering Dow's Fifth Count</u>:

85.    With respect to the allegations of paragraph 85, repeats the responses contained in paragraphs 1 through 85 above.

86.    Denies the allegations of paragraph 86, except admits that Dow purports to seek a declaratory judgment pursuant to the cited statute.

87.    Denies the allegations of paragraph 87, except admits that Dow purports to seek declaratory relief.

88.    Denies the allegations of paragraph 88, except admits that Dow purports to seek declaratory relief.

89.    Denies the allegations of paragraph 89, except admits that Dow purports to seek declaratory relief.

90.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90, except admits that the value of pension and other benefits owed to Mr. Reinhard is substantial.

14

### First Affirmative Defense

91.    The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

92.    Mr. Reinhard affirmatively raises (and reserves) all applicable equitable defenses, including, but not limited to, the doctrines of laches, waiver, unclean hands, and estoppel.

### Third Affirmative Defense

93.    Mr. Reinhard's obligations under any contracts with Dow were and are excused due to Dow's prior material breach of those agreements.

### Fourth Affirmative Defense

94.    The conduct and activities that Dow challenges are lawful and appropriate as a matter of law.

### Fifth Affirmative Defense

95.    Dow has not suffered any damages.

### Sixth Affirmative Defense

96.    Dow's claims are barred in whole or in part by the failure to mitigate any alleged damages.

### Seventh Affirmative Defense

97.    Dow has failed to provide adequate notice of or exhaust the claims procedure provided for under ERISA and relevant plans and agreements prior to bringing to Court its claims relating to Mr. Reinhard's benefits, pension, and COBRA rights.

15

KL3 2600143.1

## Eighth Affirmative Defense

98.    Mr. Reinhard has not proximately caused Dow any injury.

## Ninth Affirmative Defense

99.    ·Dow has failed to state with particularity the circumstances allegedly constituting fraud, as required by Fed. R. Civ. P. 9.

## Tenth Affirmative Defense

100.    For the convenience of the parties and witnesses, and in the interest of justice, this Court should either stay or dismiss this action in favor of an action presently pending between Dow and Mr. Reinhard in the United States District Court for the Southern District of New York, captioned *J. Pedro Reinhard v. The Dow Chemical Company and Andew N. Liveris*, 07 CV 3641 (RPP). Alternatively, this case should be transferred to the Southern District of New York.

## Eleventh Affirmative Defense

101.    Mr. Reinhard presently has insufficient knowledge or information upon which to form a belief as to the availability of additional, but as yet unalleged, affirmative defenses. Therefore, Mr. Reinhard reserves the right to assert additional affirmative defenses.

16

Respectfully submitted,

WINEGARDEN, HALEY,
LINDHOLM & ROBERTSON, P.L.C.
Attorneys for J. Pedro Reinhard

Dated: June 22, 2007

By s/L. David Lawson
L. David Lawson (P32998)
Dennis M. Haley (P58860)
G-9460 S. Saginaw St., Suite A
Grand Blanc, MI 48439
(810) 579-3600
(810) 579-1748 Fax
DLawson@winegarden-law.com


KRAMER LEVIN
NAFTALIS & FRANKEL LLP
Attorneys for J. Pedro Reinhard

Dated: June 22, 2007

By s/Jonathan M. Wagner
Jonathan M. Wagner (JW-7197)
1177 Avenue of the Americas
New York, NY 10036-2714
(212) 715-9100

17

KL3 2600143.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Craig Horn, Esq., and Brian Witus, Esq.; and by mail on Jonathan M. Wagner, Esq.


Dated: June 22, 2007

By s/L. David Lawson
L. David Lawson (P32998)
G-9460 S. Saginaw St., Suite A
Grand Blanc, MI 48439
(810) 579-3600
(810) 579-1748 Fax
DLawson@winegarden-law.com

18

KL3 2600143.1

# Answer to Complaints, Amended Complaints, Habeas Petitions

1:07-cv-12012-TLL-CEB Dow Chemical Company v. Reinhard et al

## U.S. District Court

### Eastern District of Michigan

### Notice of Electronic Filing

The following transaction was entered by Lawson, L. on 6/22/2007 at 5:48 PM EDT and filed on 6/22/2007

**Case Name:** Dow Chemical Company v. Reinhard et al
**Case Number:** 1:07-cv-12012
**Filer:** J. Pedro Reinhard
**Document Number:** 19

**Docket Text:**
ANSWER to Amended Complaint with Affirmative Defenses by J. Pedro Reinhard. (Lawson, L.)

**1:07-cv-12012 Notice has been electronically mailed to:**

Craig W. Horn     crahor@bkf-law.com, termie@bkf-law.com

L. David Lawson     dlawson@winegarden-law.com

Brian Witus     bwitus@hertzschram.com, pdunn@hertschram.com

**1:07-cv-12012 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047317467 [Date=6/22/2007] [FileNumber=2120911-0
] [63e9a4d6085ce73e906f52ab99162a01426aec106ae5efe910f301220daaa98b2fd
bdc600fe34e1bc1333a383fc90d448ff645846ae70215131399aac23591f7]]