UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J. PEDRO REINHARD,<br><br>　　　　　　　Plaintiff,<br><br>　- against -<br><br>THE DOW CHEMICAL COMPANY and<br>ANDREW N. LIVERIS,<br><br>　　　　　　　Defendants. | Case No.:　　07 CV 3641 (RPP)<br><br>　　　　　　ECF Case |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT
DOW'S MOTION TO TRANSFER AND DEFENDANT LIVERIS'
<u>MOTION TO DISMISS OR TRANSFER</u>**

David M. Bernick, P.C.
Frank Holozubiec (FH-0442)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:　　(212) 446-4800
Facsimile:　　(212) 446-49

Plaintiff Reinhard's opposition to defendants' transfer motion does nothing to counter what is for him an inconvenient truth:  This action has **no** material connection to New York; however, it does have significant and compelling connections to the proposed transferee forum.  Plaintiff's opposition struggles to connect the present forum with a dispute between a Michigan-based corporation and its former employee and director — going so far as to argue that a proxy notice bearing the New York address of Dow's transfer agent supports a finding that venue is convenient in this district — and ultimately fails in that effort.  Indeed, Reinhard principally relies on the claim that his choice of forum is entitled to substantial deference and labors to explain why that should be the case here.  His argument is meritless.  Contrary to Reinhard's claims, Dow's action deserves priority because it was filed first, contains claims that arose before and exist outside of Reinhard's purported claims, and was brought in the natural forum for this dispute, Michigan.  Regardless of the Court's application of the first-filed rule, it is well-established that plaintiff's choice of forum does not merit any substantial deference where, as here, plaintiff does not live in New York and plaintiff's claims are based on alleged actions occurring primarily in another district.  Ultimately, however, the burden of proof issue is merely a distraction.  No matter the burden applied here, Dow can show — and has shown — that the balance of convenience and fairness clearly and convincingly supports transfer to Michigan, where Dow is based, where Reinhard lived and worked, and where virtually all of the events giving rise to this action occurred.  Judicial economy cries out for this case to be consolidated with Dow's first-filed pending litigation in Michigan.

## <u>ARGUMENT</u>
### REINHARD HAS NOT REBUTTED DEFENDANTS' SHOWING THAT THE BALANCE OF CONVENIENCE AND FAIRNESS SUPPORTS TRANSFER.

Reinhard's opposition fails to demonstrate that this case between a Michigan-based employer and its former employee and director should be adjudicated in a state remote from the core events at issue.  Notwithstanding Reinhard's efforts, the transfer factors overwhelmingly tilt in favor of transfer.  Specifically, no party is a New York citizen; virtually

all of the key events took place in Michigan, and therefore the vast bulk of the witnesses and documents are located there; and transfer to Michigan would both promote efficiency and the interests of justice and allow the entire dispute to be heard in Michigan, the forum with real and substantial ties to plaintiff and both defendants.

**A.    Reinhard's Choice Of Forum Is Not Entitled To Substantial Deference.**

As a predicate matter, Reinhard devotes significant time and effort in an attempt to show that the first-filed rule should be disregarded here and thus that his choice of forum is entitled to substantial deference.  That effort fails.  Contrary to Reinhard's claims, there is no exception to the first-filed rule applicable here.  First, this case is not an improper anticipatory lawsuit.  Dow has its own claims — including breach of fiduciary duty and breach of contract — that arose before and do not simply restate or anticipate Reinhard's claims.[1]  *See Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1151 (S.D.N.Y. 1995) ("Nor would an anticipatory filing be improper where the adversary was genuinely concerned with obtaining a benefit beyond the scope of what the other party could be expected to bring suit for."); *Ivy-Mar Co. v. Weber-Stephens Prods. Co.*, No. 93 Civ. 5973, 1993 WL 535166, at *2 (S.D.N.Y. Dec. 22, 1993) ("[T]hat [plaintiff] threatened to pursue [other] such actions [earlier] rebuts any implication that these actions were manufactured merely for the purposes of forum shopping.").

Second, the fact that the parties may have attempted to settle their respective claims does not create an exception here.  As the case law makes clear, courts have crafted this exception to avoid creating a situation where a party with a potential claim is discouraged from attempting to settle that claim before commencing suit because of the risk that the other party, once alerted to the claims by the settlement offer, files a declaratory judgment action to get the benefit of the first-filed rule and thus the opportunity to select the forum.  *See generally Ontel Products, Inc.*, 899 F. Supp. at 1150.  Because Dow had claims independent of Reinhard's, that

---

[1]    Reinhard admits that, at the time of his firing, Dow had claimed he breached his fiduciary duties.  (Opp. at 4.)

concern is not applicable here. Third, the mere fact that these suits were filed near in time provides no basis to disregard the first-filed rule. As the Court is likely aware, Dow's filing of its suit against Reinhard was front-page news, and in today's internet age, that information was widely available almost immediately. In such a situation, an exception would allow second-filers to avoid the first-filed rule by commencing suit immediately. Courts in this Circuit have declined to apply this exception, and this Court should too. *See, e.g., About.com, Inc. v. Aptimus, Inc.*, No. 01 Civ. 2106, 2001 WL 503251, at *2 (S.D.N.Y. May 11, 2001).

In any event, even if the Court does not apply the first-filed rule, plaintiff's choice of forum still does not warrant substantial deference. Courts in this Circuit have long held that while a plaintiff's choice of forum should be accorded some deference, that choice is accorded less weight where, as here, the forum is "'neither the [plaintiff's] home nor the place where the operative facts of the action occurred.'" *Saccoccio v. Relin, Goldstein & Crane, LLP*, No. 06 Civ. 14351, 2007 WL 1334970, at *2 (S.D.N.Y. May 7, 2007) (internal citation omitted).

**B.      The Majority Of The Transfer Factors Favor Michigan.**

Regardless of the burden the Court chooses to apply here, Reinhard has not effectively countered defendants' showing that the balance of convenience and fairness clearly and convincingly supports transfer to Michigan. While Reinhard has not shown that even one factor clearly favors New York, defendants have demonstrated that at least six of the factors strongly favor transfer of this action to the Eastern District of Michigan (1 through 6 below) and that the other three factors (7 through 9 below) are neutral between the forums.

**1.      Locus Of The Operative Facts.**

Even a cursory review of the way Reinhard describes the key events makes clear that virtually all of the events giving rise to this action took place in Michigan. Reinhard begins his statement of facts with a two-paragraph summary of his thirty-seven year career with Dow, a Michigan-based company, including ten years as its CFO and twelve as a director. (Opp. at 3-4.)

3

Reinhard then focuses on a series of events — an April 9 meeting; a meeting three days later with Liveris; the termination of his benefits — all of which occurred in Michigan.[2] (*Id.* at 4.)

Although he is unable to deny that many of the key events relating to his termination occurred in Michigan, Reinhard nonetheless argues that "many of the operative events occurred in New York."  He then points only to the fact that the allegedly defamatory statements were published in New York-based periodicals and that a proxy statement "emanated from and was circulated to Dow shareholders in this district."  This argument ignores that these newspapers have world-wide distribution channels and that numerous non-New York periodicals covered these events.  It also ignores that the proxy supplement was distributed to all Dow shareholders, not just those in this district.  Measured against the many events taking place in Michigan, these tangential links fall far short of setting New York as the locus of operative facts.

### 2.    Convenience Of The Parties.

In attempting to show that New York is the more convenient forum, Reinhard admits that he does not live or work here, but claims that New York is more convenient due to his travel here to attend board meetings at Colgate-Palmolive and to transact other business.[3] (Opp. at 7.)  What Reinhard neglects to mention in meticulously detailing his thirty-seven year career with Dow is that as CFO he lived in Michigan and as a director and senior advisor until April, he maintained an office at Dow in Michigan and traveled to Michigan for Board meetings.  To claim, as he does here, that Michigan is now inconvenient for him can best be characterized as transparent opportunism.  In addition, as a long-time Dow employee and Michigan resident, it

---

[2]    While Dow does not dispute that all of these events occurred in Michigan, Dow does take issue with Reinhard's characterization of many of these events, including his recitation of the April 12 meeting in Michigan where he was terminated.  Two other allegations merit further correction here.  First, Reinhard falsely states that Dow has "cut off" his benefits, including his pension.  (Opp. at 4, 18.)  Dow has not denied Reinhard his qualified pension benefits; rather, Dow is contesting his right to certain unqualified benefits that are governed by ERISA.  Second, until Dow's bylaws were changed in 2004 to require annual election, directors served three-year terms.  Thus, Reinhard was not annually elected to Dow's Board for the entire course of his twelve-year directorship.

[3]    According to Colgate-Palmolive's website, the Colgate-Palmolive Board of Directors has nine scheduled meetings per year.  (*See* Holozubiec Decl. Ex. A.)

is not unreasonable for Reinhard to anticipate that matters involving his employment — which as recently as April 12 was located in Midland, Michigan — would be litigated in that forum.

Reinhard's argument with respect to the convenience of this forum for Dow and Liveris merits only the briefest attention. The fact that Dow has been sued here means nothing with respect to the convenience of the forum, as this case proves. Further, that Dow may have had to commence suit in this district for jurisdictional or other purposes also has little relevance to this issue. At bottom, what matters is that Dow is not a citizen of this forum and neither is Liveris. Reinhard does not contest those points.

### 3. Convenience Of Witnesses.

As Dow set forth in its motion, virtually every potential Dow employee witness works at Dow's headquarters in Michigan. (Dow Mem. at 9-10.) Reinhard responds by noting that Dow could compel its employees to travel but does not demonstrate that the New York forum is convenient to these witnesses as individuals. Indeed, Reinhard provides no basis why this Court should ignore that these witnesses will be required to miss work and sacrifice their personal time so that they can travel to New York for these proceedings.

Nor can Reinhard argue that a Michigan forum would be less convenient for his co-defendant in the Michigan action, Romeo Kreinberg (who will be a critical witness in any action involving claims between Dow and Reinhard). To the contrary, Kreinberg has specifically pled that he "resides in Michigan." (Dow Mem. Ex. C, ¶ 14.)

Reinhard's other arguments are similarly flawed. First, Reinhard incorrectly assumes that Liveris' occasional travel to New York for business makes participating in legal proceedings here convenient. Second, Reinhard fails to explain why the convenience of the one third-party witness Dow identified as working in New York should somehow trump the convenience of the numerous other witnesses located in Michigan.[4] Third, Reinhard also

---

[4]    As Dow noted in its memorandum, there are potentially other third parties that may be located in New York. Dow has preliminarily identified some of those third parties and made such disclosure as required by the

(Continued…)

speculates that New York is a convenient forum for certain Dow directors who may happen to have contacts with businesses that have contacts with New York.  The flaw in this argument is that, even if true, these Dow directors have at least an equal connection to Michigan, where they serve on Dow's Board, making any difference in the convenience of the different forums negligible at best.  These witnesses thus do not factor into the transfer analysis.

### 4.    Location Of Relevant Documents And The Relative Ease Of Proof.

The location of relevant documentary evidence also favors the Michigan forum because Dow has demonstrated that virtually all of Dow's relevant documents are in the proposed transferee district while Reinhard has made no such contrary showing.  Indeed, Reinhard does not identify any documents in his possession or under his control here.  Accordingly, given the stark contrast between the relevant evidence in the two forums, this factor favors Michigan.  *See Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 289 (S.D.N.Y.) ("[C]ommon sense suggests that retaining this case in New York imposes some incrementally greater burden, however slight, on Defendants to copy or transport documents that they would not incur if the case proceeded in California.") (internal citations omitted).

### 5.    Forum's Familiarity With The Governing Law.

Further demonstrating that this dispute has no material connection to New York, Reinhard does not argue that New York law will apply to any of his claims.  Incredibly, Reinhard still maintains that "this factor weighs in Mr. Reinhard's favor."  (Opp. at 19.) Regardless, even under the case law Reinhard cites in his opposition, it is likely that Michigan law will apply at least to Reinhard's defamation claims because Michigan clearly has a more significant relationship to these issues and these parties than Florida, Reinhard's domicile.  *See Zerman v. Sullivan & Cromwell*, 677 F. Supp. 1316, 1318 (S.D.N.Y. 1998).  Thus, whether Delaware law applies to the other claims at issue, this factor weighs in favor of transfer.

---

Federal Rules.  At this juncture, however, the materiality of these third-party witnesses' testimony is not certain and in any event does not outweigh the materiality of the testimony of the witnesses located in Michigan.

6.    **Trial Efficiency And The Interests Of Justice.**

Reinhard does not even attempt to counter Dow's claim that Michigan has more of an interest in this dispute than New York. For good reason: this dispute involves a Michigan-based employer and its former employee and director concerning his breach of fiduciary duties to, and contracts with, the company. This factor thus favors transfer to Michigan.

7.    **Relative Means Of The Parties.**

Notwithstanding the clear requirement set by courts in this Circuit, Reinhard has made no showing that litigating this action in Michigan would impose an undue burden on him. *See American Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 477, 478 (S.D.N.Y. 2006) ("[A] party arguing … against a transfer because of inadequate means must offer documentation to show that transfer … would be unduly burdensome to his finances.") (internal citation omitted); *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998) ("[N]o showing has been made that litigating this action in California would impose an undue hardship on the plaintiff."). Instead, Reinhard ignores this precedent and the two most important facts: (1) he is an individual of substantial means; and (2) since he does not reside in New York, he will have to travel whether these proceedings remain here. This factor should hold no weight.[5]

8.    **Availability Of Process To Compel Attendance Of Unwilling Witnesses.**

As Dow explained in its motion, this factor is not controlling where there has been no suggestion that non-party witnesses could not or would not appear at trial. *See, e.g.,*

---

[5]    Reinhard's resort to baseless and irrelevant attacks against Dow should be rejected as a transparent attempt to distract the Court from the relevant law and facts. To begin, Reinhard miscasts the parties' dispute with respect to fee advancement. Contrary to Reinhard's claim, Dow has agreed to advance fees under appropriate terms to Reinhard in his defense of Dow's counterclaims in this action — thus lessening any perceived burden to Reinhard in defending against Dow's claims.

The Court should also pay short shrift to Reinhard's claim that transfer will require him to hire local counsel in Michigan and to pay New York-based trial counsel to travel, thus "further strain[ing] [his] resources." Reinhard must show that these supposed increased costs would unduly burden him, but he has not done so. With respect to his Dow-based income alone, it is public information that in 2005 Reinhard's salary and bonus from Dow exceeded $2 million (not including long term incentives) (Holozubiec Decl. Ex. B), and that as of February 19, 2007, Reinhard owned outright 321,968.6 shares of Dow common stock, which based on the July 12, 2007 closing price ($46.33) would have had a value in excess of $14.9 million. (Holozubiec Decl. Ex. C.)

*First Nat'l Bank v. Nanz, Inc.*, 437 F. Supp. 184, 189 (S.D.N.Y. 1975).  Thus, Reinhard's reliance on the fact that the one financial institution witness who works in New York may be beyond the subpoena power of the Michigan court is misplaced since Reinhard has provided no reason to believe that this witness could not or would not appear at trial.  That omission is particularly damaging here because this witness has already demonstrated his willingness to travel to Michigan in connection with these issues.  (*See* Dow Compl. at ¶ 37.)  Nonetheless, even if this factor weighed in plaintiff's favor — which it does not — that weight would be slight and does not overcome the collective weight of all of the other relevant factors.  *See Dealtime.com Ltd. v. McNulty*, 123 F. Supp. 2d 750, 757 (S.D.N.Y. 2000) (noting that, in the context of Section 1404(a) transfers, the availability of process does not "tip the balance," particularly where the testimony of such witness may be obtained by videotape or deposition).

### 9.   Plaintiff's Choice Of Forum.

Even the one factor that ordinarily goes to plaintiff as a matter or course does not favor Reinhard here.  As noted above, the deference ordinarily afforded a plaintiff's choice of forum is not appropriate where, as here, the forum is "neither the [plaintiff's] home nor the place where the operative facts of the action occurred."  *Saccoccio*, No. 06 Civ. 14351, 2007 WL 1334970, at *2.  Reinhard's attempt to sidestep this precedent is ultimately unavailing.  Although he admits New York is not his home, Reinhard claims that his choice of forum is entitled to deference because New York is where his "reputation has been most severely damaged."  (Opp. at 11.)  That claim is as self-serving as it is speculative given that Reinhard's ties to New York are both few and immaterial.  As set forth in Reinhard's complaint, Reinhard is a Brazilian citizen who now resides in Florida.  (Compl. at ¶ 9.)  During his ***thirty-seven year*** employ with Dow, Reinhard was ***never once based in New York***.  (Opp. at 3-4.)  By contrast, at the time of his termination on April 12, 2007, Reinhard's employment at Dow was located in Midland, Michigan, where he had an office.  Reinhard's claimed connection to New York — his short tenure as a director of Colgate-Palmolive, a company which has an international scope but happens to be headquartered in New York — is tenuous to say the least.  Indeed, although

Reinhard relies heavily on this one fact, he fails to inform the Court that he has served, and continues to serve, in a similar capacity for other companies — Sigma-Aldrich (based in Missouri) and the Royal Bank of Canada — also with global presences but **not** based in New York.[6]  (Holozubiec Decl. Ex. E.)  There is thus no basis to afford his choice of forum deference here.

### C.     These Facts Make Venue Both Improper And Inconvenient As To Liveris.

In the only Complaint allegation pertaining to venue, Reinhard claims that "[v]enue is proper in this district under 28 U.S.C. § 1391(a)."  (Compl. ¶ 13.)  Responding directly to this allegation, Liveris explained in his motion to dismiss or transfer that the Southern District of New York is not a proper venue under Section 1391(a).  (Liveris Mem. at 3-7.)  Yet Reinhard now faults Liveris for the "striking error" of not responding to an allegation Reinhard **never made** in his Complaint — that **not** Section 1391(a) but Section 1391(d) is the proper basis of venue in this district.  (*See* Opp. at 20-22.)  Moreover, Reinhard fails to inform the Court of his pleading error and effectively seeks to amend his Complaint *sub silentio*, through his response brief.[7]    Aside from the question of whether Reinhard's amendment-by-brief is technically proper, Reinhard's tactics are not candid.

In any event, Section 1391(d) has no bearing on Liveris's joinder in Dow's motion to transfer venue pursuant to Section 1404(a).[8]  Section 1404(a) provides for the transfer of cases **where venue is proper in the original forum** — whether under Section 1391(d) or some

---

[6]  Dow believes that Reinhard continues to own and operate a consulting company organized and based in Michigan.  (Holozubiec Decl. Ex. D.)

[7]  Reinhard claims he was not required to cite any venue statute in his Complaint.  (Opp. at 22 n.6.)  But it is one thing to not cite any venue statute, and quite another to require a defendant to respond to the **wrong** statute.

[8]  *See, e.g.*, *Conway v. Lenzing Aktiengesellschaft*, 222 F. Supp. 2d 833, 833 (E.D. Tex. 2002) ("Defendant has made a Motion to Transfer Venue to the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a).  Plaintiff responds by alleging that 28 U.S.C. § 1391(d), which allows suit to be brought against an alien in any federal district, establishes that venue is proper in the Eastern District and that plaintiff's selection of forum should control.  The court disagrees."); *LG Electronics v. Advance Creative Computer*, 131 F. Supp. 2d 804, 815 (E.D. Va. 2001) (ordering transfer pursuant to Section 1404(a) notwithstanding applicability of Section 1391(d)).

other venue provision.  *See* Historical and Statutory Notes to 28 U.S.C. § 1404(a) ("Subsection (a) was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, *even though the venue is proper*.") (emphasis added); *Edwards v. Texaco, Inc.,* No. 86-5420, 1987 WL 9293, at *1 (E.D. Pa. Apr. 10, 1987) ("Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is properly asserted, not as part of defendant's faulty improper venue defense, but as an *analytically and procedurally distinct* request for a transfer for the convenience of the parties and witnesses.") (emphasis added).  Accordingly, even if venue were proper under Section 1391, the Court should nonetheless transfer this action under Section 1404(a) for the reasons outlined above.[9]

Reinhard also ignores that, in addition to Liveris' basis for transfer, Dow is seeking to transfer the ***entire action*** pursuant to § 1404(a) (which permits transfer of "any civil action").  Section 1391(d) is irrelevant to Dow and has no impact on its transfer motion.[10]

## CONCLUSION

For the foregoing reasons, defendant Dow respectfully requests that this Court transfer this action to the Eastern District of Michigan, Northern Division.  Defendant Liveris respectfully requests that this Court dismiss this action or, in the alternative, transfer this action to the Eastern District of Michigan, Northern Division.

---

[9]   Reinhard briefly suggests that Liveris "does not assert any specific reason why litigating in this district would be inconvenient or burdensome" and that he has failed to submit an affidavit in support of his transfer motion.  (Opp. at 20.)   On the contrary, Liveris has expressly "joined" in Dow's motion to transfer pursuant to Section 1404(a), adopting the arguments therein and the affidavit submitted therewith.  (Liveris Mem. at 9.)

[10]   Reinhard also suggests that Dow waived a venue challenge by not asserting a venue defense in its answer.  (Opp. at 20.)  This argument, too, badly misstates the law.  Dow does not challenge venue as being improperly laid pursuant to Section 1406(a).  Dow does seek to transfer pursuant to Section 1404(a).  It is hornbook law that a Section 1404(a) transfer motion should not be raised as an affirmative defense, because it does not bear upon the substantive right to recover.  *See, e.g., Holzer v. Prudential Equity Group LLC*, No. 06 C 1670, 2007 WL 329150, at *5 (N.D. Ill. Jan. 31, 2007) ("[A] *forum non conveniens* argument is not an affirmative defense. *See Am. Dredging Co. v. Miller*, 510 U.S. 443, 454 (1994) (distinguishing between affirmative defenses and *forum non conveniens* because *forum non conveniens* 'does not bear upon the substantive right to recover')"); *see also Hoegh & Co. v. Alpha Motor Ways, Inc.*, 534 F. Supp. 624, 626 (S.D.N.Y. 1982).

Dated:  July 16, 2007

                                          s/
_____
                                    David M. Bernick, P.C.
                                    Frank Holozubiec (FH-0442)

                                    KIRKLAND & ELLIS LLP
                                    Citigroup Center
                                    153 East 53rd Street
                                    New York, New York  10022-4611
                                    Telephone:    (212) 446-4800
                                    Facsimile:    (212) 446-4900

                                    Attorneys for Defendants
                                    THE DOW CHEMICAL COMPANY and
                                    ANDREW N. LIVERIS